SWIFTON PUBLIC SCHOOLS and Risk Management Resources *v.* Edith SHIELDS

CA 07-514                                               272 S.W.3d 851

Court of Appeals of Arkansas
Opinion delivered January 30, 2008

*Worley, Wood & Parrish, P.A.*, by: *Melissa Wood* and *Carol Lockard Worley*, for appellants.

*John Bartlett*, for appellee.

SARAH HEFFLEY, Judge. Appellants, Swifton Public Schools and Risk Management Insurance, appeal from a decision by the Workers' Compensation Commission (Commission) that affirmed the Administrative Law Judge's (ALJ) finding that appellee, Edith Shields, sustained a compensable injury on August 14, 2003, and was entitled to temporary total disability benefits from January 27, 2004 through August 2004. Appellants also appeal the Commission's finding that appellee provided adequate notice of her injury to her employer. We affirm the decision of the Commission.

Appellee is a public school teacher who was injured on August 14, 2003, while preparing her classroom for the new school year. According to appellee, who had been previously diagnosed with osteoarthritis in both knees, she slipped on a piece of cardboard, fell forward, and landed on her right knee. Appellee was able to get up after a few minutes with the assistance of the custodian, who was in the room at the time of the fall. Appellee reported the injury to the principal of the school, Larry Lee, approximately an hour and a half later, but at that time she thought her knee was just badly bruised and that it would get better.

After several weeks with continued pain and swelling, however, appellee sought medical treatment with her own physician and eventually was diagnosed with synovitis in her right knee. An MRI performed on November 2, 2003, showed joint effusion in her right knee, and appellee underwent arthroscopic surgery on November 21, 2003. Appellee received no benefit from this surgery, and on February 2, 2004, she underwent a total right knee arthroplasty. Appellee was cleared to return to work in August 2004, and she is now employed with the Leachville School District.

On July 27, 2004, appellee signed a Form AR-N, Employee's Notice of Injury. Appellee contended that she had sustained a compensable injury and was entitled to medical care and temporary total disability. In response, appellants asserted that appellee had not suffered a compensable injury, that appellee's medical

treatment was associated with her pre-existing condition, and that they were not liable for benefits and expenses incurred before the receipt of actual notice of the injury, which was not given until July 27, 2004. A hearing was held on March 3, 2006, and the ALJ held that appellee had sustained a compensable injury, specifically an aggravation to her pre-existing osteoarthritis; she was temporarily totally disabled from January 27, 2004, through August 2004; and appellants were responsible for all reasonable hospital and medical expenses. The ALJ also found that appellee had informed her supervisor, Larry Lee, of the injury on the date of the occurrence, thus satisfying the notice requirement under Ark. Code Ann. § 11-9-701 (Repl. 2002).

Appellants appealed to the Commission, which affirmed the ALJ's decision. In its decision, the Commission specifically noted that although appellee suffered from a pre-existing arthritic condition in her knees, the medical evidence established post-injury findings of synovitis and effusion, which were objective medical findings that were not present before appellee's workplace injury. The Commission also reiterated that appellee's employer had knowledge of appellee's injury on August 14, 2003, and appellee was therefore not barred from receiving workers' compensation before the time she signed the July 27, 2004 Form AR-N. Appellants now bring their appeal of the Commission's decision before this court.

In determining the sufficiency of the evidence to support the findings of the Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings, and we will affirm if those findings are supported by substantial evidence. *Farmers Coop. v. Biles*, 77 Ark. App. 1, 69 S.W.3d 899 (2002). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* It is the function of the Commission to determine the credibility of witnesses and the weight to be given their testimony. *Searcy Indus. Laundry v. Ferren*, 82 Ark. App. 69, 110 S.W.3d 306 (2003). The issue is not whether this court might have reached a different result from that reached by the Commission, or whether the evidence would have supported a contrary finding. *Smith v. County Market/Southeast Foods*, 73 Ark. App. 333, 44 S.W.3d 737 (2001). We will not reverse the Commission's decision unless we are convinced that fair-minded persons with the same facts before them could not have reached the conclusions arrived at by the Commission. *Id.* After reviewing

the Commission's findings of fact, conclusions of law, and opinion, we hold that there is substantial evidence to support the Commission's decision that appellee sustained a compensable injury on August 14, 2003.

■ We also agree with the Commission's determination that because appellee's employer was informed of the injury on the date it occurred, the notice requirement under Ark. Code Ann. § 11-9-701 was fulfilled, regardless of when the Form AR-N was filed. Section 11-9-701 provides, in pertinent part:

> (a)(1) Unless an injury either renders the employee physically or mentally unable to do so, or is made known to the employer immediately after it occurs, the employee shall report the injury to the employer on a form prescribed or approved by the Workers' Compensation Commission and to a person or at a place specified by the employer, and the employer shall not be responsible for disability, medical, or other benefits prior to receipt of the employee's report of injury.
>
> (2) All reporting procedures specified by the employer must be reasonable and shall afford each employee reasonable notice of the reporting requirements.
>
> . . . .
>
> (b)(1) Failure to give the notice shall not bar any claim:
>
> (A) If the employer had knowledge of the injury or death;
>
> (B) If the employee had no knowledge that the condition or disease arose out of and in the course of the employment; or
>
> (C) If the commission excuses the failure on the grounds that for some satisfactory reason the notice could not be given.

Appellee's testimony at the hearing, which the Commission found credible, established that, not only did she inform her employer of the injury on the date it occurred, but also that her employer was aware she was undergoing medical treatment for her injury because she missed work for doctor's appointments and the two surgeries, and she informed her employer of her reason for missing work. Accordingly, we affirm the Commission's decision.

Affirmed.

HART and MILLER, JJ., agree.