## Janice ROBERTS *v.* LEO LEVI HOSPITAL

CA 82-498                                                    649 S.W.2d 402

Court of Appeals of Arkansas
Opinion delivered May 4, 1983
[Rehearing denied May 25, 1983.]

*Lane, Muse, Arman & Pullen,* by: *Donald C. Pullen,* for appellant.

*Friday, Eldredge & Clark,* by: *Donald H. Bacon,* for appellee.

TOM GLAZE, Judge. In this Workers' Compensation case, the Commission found that the appellant failed to prove she sustained a compensable injury. Appellant's primary issue on appeal is that there is not substantial evidence to support the Commission's finding.

Appellant contends that she was injured on December 22, 1981, at the Levi Hospital where she worked as a nurses' aide. She testified that she experienced a tingling sensation in both legs when she was assisting a bed patient. Later the same day, appellant said that she bent over to pick up paper from the floor and "something popped." She related that she believed "it was her total knee but couldn't confine the pain or where it come from." Appellant subsequently called her husband, and he, in turn, called an ambulance to take her to the Ouachita Memorial Hospital. She spent a night at the hospital, and the next day she went home to stay in bed.

Appellant was unable to see her orthopedic surgeon, Dr. Chakales, until January 4, 1982. He hospitalized her from January 7, 1982, to February 15, 1982. She received physical therapy, cortisone shots and finally disc surgery. She said that the surgery alleviated the numbness in her legs and she experienced no further problems with her knee.

On June 18, 1982, the Administrative Law Judge found that appellant had suffered a compensable injury to her lower back which was in the nature of an aggravation to a pre-existing condition. On October 20, 1982, the Commission reversed the Judge's decision, finding that the appellant failed to prove her claim by credible evidence. In so finding, the Commission stated that there were numerous inconsistencies in appellant's testimony, and that her doctor's opinion, largely based on facts related to him by the appellant, lacked sufficient independent knowledge upon which to corroborate appellant's claim.

In our review, we note the rule that the Commission's duty is to make a finding in accordance with the preponderance of the evidence and not on whether there is any substantial evidence to support the findings of the Administrative Law Judge. *Jones* v. *Scheduled Skyways, Inc.,* 1

Ark. App. 44, 612 S.W.2d 333 (1981). In view of this rule, the findings of the Administrative Law Judge regarding credibility issues are not binding upon the Commission. *See Arkansas Coal Co.* v. *Steele,* 237 Ark. 727, 729, 375 S.W.2d 673 (1964); and *Moss* v. *El Dorado Drilling Co.,* 237 Ark. 80, 371 S.W.2d 528 (1963). Additionally, in a workers' compensation case, this Court must view and interpret the evidence, and all reasonable inferences deducible therefrom, in the light most favorable to the findings of the Commission and give the testimony its strongest probative force in favor of the action of the Commission, whether it favored the claimant or the employer. *Jones* v. *Scheduled Skyways, supra.*

From our study of the record, we find substantial evidence to support the Commission's decision, especially when viewed in light of the conflicting testimonies given by the appellant and other witnesses. In fact, appellant's own testimony was inconsistent in her narration of her back injury and what caused it. For example, at various times, the appellant gave different versions of how the injury occurred; in each version, however, she recounted how she sustained an injury to her leg or knee, not to her back. Two nurses, who were on duty on December 22, testified respectively that appellant complained that she had "hurt her *knee*" and that her "*leg* was not feeling adequate and she was having discomfort." Appellant's complaint concerning her leg not feeling adequate was apparently made two hours before the incidents she indicated caused her injury.

We also find that the medical evidence fails to clearly establish the origin of appellant's injury. For instance, Dr. Harold Chakales originally treated an injury to her right knee in 1977 and 1978. After totally replacing the knee, Chakales released her in January, 1979 — at the same time, he diagnosed her as having degenerative disease of the lumber spine. Later, in May, 1979, he saw her for an acute lumbar strain for which she was treated and discharged. Appellant's next visit to Chakales on January 4, 1982, involved the injury in issue here. Chakales opined that if what appellant related to him was true, the history she gave would be consistent with causing an acute ruptured disc of the lumbar spine. However, he testified further that he could

not say with any certainty that her knee problems contributed to her back injury because she has had back trouble periodically in the past.

In viewing Chakales' testimony in light of the other evidence, the Commission obviously deduced that the history appellant gave the doctor was in variance with other versions given by her on other occasions. Accordingly, it was justified in giving little weight to that part of the doctor's opinion which in any way attempted to suggest how appellant's injury may have occurred. Considering the testimony *in toto,* the Commission could have reasonably inferred that any problem that she experienced on December 22, 1981, was to her knee which (as indicated by Chakales) could not with any certainty be related to her back injury. The Commission had the right to disbelieve the appellant and resolve against her the contradictory evidence as well as the inconsistencies in her own testimony.

In conclusion, we note appellant's argument that the Commission erred in failing to set out the basis for its reversal of the Administrative Law Judge's decision. We dismiss appellant's argument simply by noting that the Commission did state its reason for holding as it did, *viz.,* that appellant's own testimony was inconsistent and failed to independently corroborate the medical and other evidence to prove her injury claim. The Commission found her evidence was not credible, and we are in no position to hold otherwise.

We affirm.

Affirmed.