DOLLARWAY SCHOOL DISTRICT and
Risk Management Resources *v.* Barbara LOVELACE,
Widow of Jeffrey Lovelace, Deceased Employee

CA 04-618                                204 S.W.3d 64

Court of Appeals of Arkansas
Opinion delivered February 23, 2005

*Holleman & Associates, P.A.,* by: *John T. Holleman, IV,* and *Stacy D. Fletcher,* for appellee.

*Huckabay, Munson, Rowlett & Moore, P.A.,* by: *Carol Lockard Worley* and *Melissa Ross,* for appellants.

KAREN R. BAKER, Judge. Appellants challenge the award of benefits to appellee, Barbara Lovelace, the widow of

Jeffrey Lovelace. Mr. Lovelace was the principal at Dollarway Junior High School for appellant, Dollarway School District. On February 16, 2001, there was an altercation between two female students, and Mr. Lovelace was involved in breaking up the fight. Shortly after this incident, he was at the hospital where he was found outside the emergency room on a bench. After efforts to revive him were unsuccessful, Mr. Lovelace was pronounced dead on arrival by the emergency room physician, Dr. Paul Robinson. Mr. Lovelace was forty-one years old at the time of the incident, physically active with no prior history of heart problems, although there was a family history of heart failure, and he had begun smoking a few years before this incident. There were fights at the school previously and while Mr. Lovelace had been involved with addressing those altercations, he had assistance from the school resource officer, the assistant principal or a teacher.

Dr. Robinson found that Mr. Lovelace suffered a cardiac arrest because of a probable myocardial infarction. In deposition testimony, Dr. Robinson testified that based upon the close temporal relationship between the altercation at work and his death, that this constituted the major cause of Mr. Lovelace's cardiac arrest. He also testified that regardless of the exact mechanism that caused the myocardial infarction, whether it was triggered by blood chemicals setting up an irregular heart beat or because preexisting plaque cracked and bled, he could state within a reasonable degree of medical certainty that the exertion Mr. Lovelace expended during the altercation triggered the cardiac arrest.

For reversal, appellants contend that no substantial evidence exists to support the Commission's decision that appellee's deceased husband sustained a compensable injury, and that no substantial evidence exists to support the Commission's decision that appellants should be denied a credit for life-insurance proceeds and sick-leave benefits. We find no error, and we affirm.

In determining the sufficiency of the evidence to support the findings of the Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings, and we will affirm if those findings are supported by substantial evidence. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The determination of the credibility and weight to be given a witness's testimony

is within the sole province of the Commission. The Commission is not required to believe the testimony of the claimant or any other witness, but may accept and translate into findings of fact only those portions of the testimony it deems worthy of belief. *Farmers Cooperative v. Biles,* 77 Ark.App. 1, 69 S.W.3d 899 (2002).

Arkansas Code Annotated § 11-9-114 (Repl.2002) provides, in pertinent part, that:

> (a) A cardiovascular, coronary, pulmonary, respiratory, or cerebrovascular accident or myocardial infarction causing injury, illness, or death is a compensable injury only if, in relation to other factors contributing to the physical harm, an accident is the major cause of the physical harm.
>
> (b)(1) An injury or disease included in subsection (a) of this section shall not be deemed to be a compensable injury unless it is shown that the exertion of the work necessary to precipitate the disability or death was extraordinary and unusual in comparison to the employee's usual work in the course of the employee's regular employment or, alternately, that some unusual and unpredicted incident occurred which is found to have been the major cause of the physical harm.

In this case, the premise for recovery is that Mr.Lovelace's heart attack was precipitated by his effort to stop the altercation between two students. Pursuant to Ark.Code Ann. § 11-9-114(b), in order to prove that he had sustained a compensable injury, in this case, appellee was required to show the exertion required of Mr. Lovelace during that intervention was extraordinary or unusual compared with his usual work or, that the altercation requiring the exertion was an unusual and unpredicted incident, and that this exertion was found to have been the major cause of the physical harm.

Appellants argue that the deceased in the present case did not suffer a heart attack as the result of an extraordinary event because he was performing one of his regular job duties as principal, that being that he was breaking up a fight between two students. To support their proposition they cite testimony that included Mr. Lovelace's concern for his wife's safety at school events and that fights on campus occurred three or four times a week.

We find that substantial evidence supports the Commission's decision. First, we find no law, and appellants cite none, to support the premise that intervening in a fight between students

cannot be an extraordinary event because student fighting is a usual occurrence and accordingly a part of the usual and customary job duties of a principal. Second, evidence showed that although Mr. Lovelace had been called upon in the past to break up fights, he had previously done so with the assistance of other school personnel.

■ Third, we find no merit to appellants' argument that we must reverse because Dr. Robinson had no personal knowledge of the altercation at issue, and he knew nothing about the deceased's regular duties as principal or of the deceased's physical health, habits, or history. The Commission has the authority to accept or reject medical opinion and the authority to determine its medical soundness and probative force. *Oak Grove Lumber Co. v. Highfill*, 62 Ark.App. 42, 968 S.W.2d 637 (1998). The Commission has a duty to use its experience and expertise in translating the testimony of medical experts into findings of fact. *Id.* It is the responsibility of the Commission to draw inferences when the testimony is open to more than a single interpretation, whether controverted or uncontroverted; and when it does so, its findings have the force and effect of a jury verdict. *Marrable v. Southern LP Gas, Inc.*, 25 Ark.App. 1, 751 S.W.2d 15 (1988). The Commission is not bound by a doctor's opinion that is based largely on facts related by a claimant where the claimant's own testimony is less than determinative. *See Roberts v. Leo Levi Hospital*, 8 Ark.App. 184, 649 S.W.2d 402 (1983). *See also Williams v. Brown's Sheet Metal/CAN Ins. Co.*, 81 Ark. App. 459, 105 S.W.2d 382 (2003). However, other evidence confirms the altercation, the onset of pains and the trip to the emergency room in close temporal relationship between the work and the heart attack. Therefore, we affirm the Commission on that issue.

Appellants also assert that that no substantial evidence exists to support the Commission's decision that appellee's deceased husband sustained a compensable injury and that no substantial evidence exists to support the Commission's decision that appellants should be denied a credit for life insurance proceeds and sick leave benefits.

■ Appellants assert that they are entitled to two credits. The first credit is for any potential benefits the deceased's wife may receive in a lawsuit under Arkansas Code Annotated Section 6-17-1209. That statute provides that a school teacher who is

injured as a result of a criminal act in the course of their employment, can be granted a leave of absence for up to one year. No evidence in the record indicates that an award pursuant to this statute has been awarded; therefore, we cannot say that the Commission erred in finding no credit. The second credit asserted by appellants is for the $75,000 in life insurance proceeds the widow received subsequent to Mr. Lovelace's death. Section 11-9-411 of Arkansas Code Annotated provides:

> Any benefits payable to an injured worker . . . shall be reduced . . . dollar for dollar, the amount of benefits the injured worker has previously received for the same medical services or period of disability whether those benefits were paid by a group care, group disability, group loss of income, group accident and health, a self-insured health and welfare plan or group hospital or medical services contract.

Ark. Code Ann. § 11-9-411 (Repl. 2002).

■ Our statutes are to be strictly construed and the plain language of this section includes no mention of life insurance, death or dependency benefits. *See Farmers Cooperative v. Biles*, 77 Ark.App. 1, 69 S.W.3d 899 (2002). Accordingly, we find no error in the Commission's denial of a credit.

Affirmed.

BIRD and CRABTREE, JJ., agree.