

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV-13-684

DANNY BURTON

APPELLANT

V.

CHARTIS CLAIMS, INC., and
ROBINSON AVIATION, INC.

APPELLEES

**Opinion Delivered** January 22, 2014

APPEAL FROM THE ARKANSAS
WORKERS' COMPENSATION
COMMISSION
[NO. F613862]

AFFIRMED

## ROBERT J. GLADWIN, Chief Judge

This appeal follows the July 10, 2013 decision of the Arkansas Workers' Compensation Commission (Commission) that affirmed the administrative law judge's (ALJ's) March 6, 2013 opinion finding that appellant, Danny Burton, failed to prove by a preponderance of the evidence that his attorney is entitled to a fee based on all benefits paid by appellees for medical and indemnity due to their intervention in a third-party civil-court case. Appellant argues that substantial evidence does not support the Commission's decision. We affirm.

Appellant was injured on December 13, 2006, as a result of falling down some stairs while working as an air traffic controller. He suffered multiple compensable injuries to his left shoulder and left knee. Earlier attempts at obtaining an anatomical-impairment rating or wage-loss benefits through a workers' compensation action were unsuccessful in 2012. On July 13, 2009, appellant and Jeannette Burton filed a third-party complaint in Benton County Circuit Court against Nicholas Skipper and Alliance Maintenance, Inc. On November 30, 2009, American International Recovery and Commerce and Industry filed its complaint in

intervention in that third-party case claiming a statutory lien for indemnity benefits in the amount of $142,526.59.

The Burtons settled the third-party case on August 2, 2012. Appellant did not know at that time how much of the settlement he would receive because of the intervenor's assertion of a statutory lien, and as a result, he filed a motion requesting a made-whole hearing in circuit court on August 6, 2012, to determine if he had been made whole by the settlement. On August 7, 2012, a made-whole hearing was set by the circuit judge for September 5, 2012. On August 10, 2012, the intervenor filed a response to the motion for a made-whole hearing. On August 17, 2012, appellant filed a prehearing questionnaire with the Commission seeking attorney's fees based on the statutory lien in his third-party lawsuit.

On September 4, 2012, the day before the made-whole hearing was scheduled, the intervenor sent a motion for voluntary nonsuit and order to the circuit judge requesting that its complaint in intervention be dismissed. The order dismissing the claim was entered on that same day, and the made-whole hearing set for September 5, 2012, was cancelled.

A hearing was held on the attorney's-fee issue on December 4, 2012, before the ALJ. In his modified order filed March 6, 2013, entered nunc pro tunc after a February 28, 2013 opinion, the ALJ opined that appellant failed to prove by a preponderance of the evidence that his attorney is entitled to an attorney's fee on all benefits paid by the intervenor for medical and indemnity due to the intervention in the third-party civil court case. From that order, appellant filed a timely notice of appeal to the Commission on March 19, 2013. On July 10,

2013, the Commission entered an opinion affirming the ALJ's order. From that opinion, appellant filed a timely notice of appeal on July 22, 2013.

Where the sufficiency of the evidence is challenged on appeal, we review the evidence in the light most favorable to the findings of the Commission and will affirm if those findings are supported by substantial evidence. *Firestone Bldg. Prods. v. Hopson*, 2013 Ark. App. 618, __ S.W.3d __. Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Id.* We will not reverse a finding based on the Commission's exercising its duty to determine credibility and to interpret conflicting evidence. *Id.*

The applicable statute in this case is Arkansas Code Annotated section 11-9-715 (Repl. 2012), which provides in relevant part:

(a)(1)(A) Fees for legal services rendered in respect of a claim shall not be valid unless approved by the Workers' Compensation Commission.
(B) Attorney's fees shall be twenty-five percent (25%) of compensation for indemnity benefits payable to the injured employee or dependents of a deceased employee. Attorney's fees shall not be awarded on medical benefits or services except as provided in subdivision (a)(4) of this section.

(2)(B)(i) In all other cases whenever the Commission finds that a claim has been controverted, in whole or in part, the commission shall direct that fees for legal services be paid to the attorney for the claimant as follows: One-half (1/2) by the employer or carrier in addition to compensation awarded; and one-half (1/2) by the injured employee or dependents of a deceased employee out of compensation payable to them.
(ii) The fees shall only be allowed on the amount of compensation for indemnity benefits controverted and awarded.
(iii) However, the commission shall not find a claim has been controverted if the claimant or his representative has withheld from the respondent during the period of time allotted for the respondent to determine its position any medical information in his possession which substantiates the claim.

SLIP OPINION

(C)(i) Whenever the commission finds a claim has not been controverted but further finds that bona fide legal services have been rendered in respect to the claim, then the commission shall direct the payment of the fees by the injured employee or dependents of a deceased employee out of the compensation awarded.

(4) Medical providers may voluntarily contract with the attorney for the claimant to recover disputed bills, and the attorney may charge a reasonable fee to the medical provider as cost of collection.

Ark. Code Ann. § 11-9-715(a)(1)(A) and (B), (a)(2)(B)(i)-(iii), (a)(2)(C)(i), and (a)(4).

Appellant asserts that appellees' intervention amounted to controversion of the claim, triggering his right to attorney's fees. *See Logan Cnty. v. McDonald*, 90 Ark. App. 409, 206 S.W.3d 258 (2005), and Arkansas Code Annotated section 11-9-715(a)(2)(B)(ii). In the opinion affirmed by the Commission, the ALJ stated that because the third-party lawsuit was filed and proceeds were paid through the Benton County Circuit Court, the attorney's fee occurred outside the jurisdiction of the Commission. Appellant submits that the ALJ's opinion fails to address the controversion issue.

When the Commission finds that a case has been controverted, in whole or in part, the Commission shall direct the payment of legal fees by the employer or carrier in addition to the compensation awarded. *See Harvest Foods v. Washam*, 52 Ark. App. 72, 914 S.W.2d 776 (1996) (citing Ark. Code Ann. § 11-9-715(b)). Direct proof of controversion is where the claimant must incur legal expenses to defend his disability benefits award on appeal. *Id.* One of the purposes of the statute and case law is to put the economic burden of litigation on the party that makes litigation necessary by controverting the claim. *Id.*

Appellant states that the litigation in question occurred in circuit court as a result of appellees' intervention in his third-party action asserting their right to subrogation under

Arkansas Code Annotated section 11-9-410 (Repl. 2012). Appellant acknowledges that this statute protects both the ability of a workers'-compensation claimant to pursue an action against a third party for his injury *and* the right of the employer/carrier to recover certain amounts paid in compensation to a claimant out of the proceeds of the third-party action.

Because appellees intervened, a made-whole hearing was scheduled in circuit court. Appellees filed their lien for $142,526.59 in November 2009. Appellant notes that not until three years later, on September 4, 2012, the day before the made-whole hearing was set to occur, did appellees file a motion for nonsuit and waiver of their lien. Appellant claims that under Arkansas Code Annotated section 11-9-715(a)(2)(B)(ii), which provides that fees shall be allowed only on the amount of compensation controverted and awarded, his attorney should be awarded an attorney's fee because appellees' assertion of a lien in his third-party case amounted to a controversion of benefits. He claims that he is not seeking a fee for the work done on the third-party action, rather on work performed to protect his settlement under the Act.

We disagree. Appellant has not proved controversion; accordingly, an attorney's-fee award is not appropriate. The applicable statute provides that a fee is only payable from the employer or carrier if benefits are controverted and awarded, which has not occurred in this case. Further, the statute makes clear that an attorney's fee cannot be obtained on medical benefits except in the situation where an appellant's counsel contracted with the provider to recover disputed bills, which likewise has not occurred.

We decline to hold that appellees' mere filing of the intervention amounts to controversion, and distinguish *McDonald*, *supra*, where the attorney prevailed on the issue of wage-loss benefits before the Commission. Further, the attorney in *McDonald* obtained a finding that his client was not made whole with a third-party settlement; the attorney in this case has not done so. Instead, appellees waived their lien and allowed appellant to profit from the third-party case settlement without ever going to a hearing for a determination on the issue.

Further, the evidence before us indicates that appellant's counsel withheld information necessary for appellees' counsel to fully advise them on the made-whole issue. Immediately after being notified of the settlement in appellant's third-party case, appellees' counsel asked on multiple occasions on August 6, 9, 15, and 20, 2012, for a breakdown of the settlement as required to come to a determination on the made-whole issue. That information was not provided until November 19, 2012, more than two months after appellees had already waived their statutory lien when they non-suited their complaint in intervention on September 4, 2012. It is undisputed that appellant's counsel never litigated the issue of whether his client was made whole and never presented the issue other than in the workers'-compensation forum, and no determination has been made as to whether the third-party settlement made appellant whole. Appellant's counsel was provided assistance by appellees' adjuster to prepare his case, yet delayed providing necessary information in return regarding the settlement.

As we indicated in *Lambert v. Baldor Electric*, 44 Ark. App. 117, 868 S.W.2d 513 (1993), settlement negotiations should be encouraged to avoid needless litigation. We decline to hold

that the benefits paid in this workers'-compensation claim were controverted simply because an intervention was filed.

The Commission determined that appellant failed to prove by a preponderance of the evidence that his attorney is entitled to an attorney's fee as part of the action before it because he did not prove his client's entitlement to benefits upon which a fee would be due in the workers'-compensation forum.  We affirm.

Affirmed.

WOOD and BROWN, JJ., agree.

*Osborne Law Firm*, by: *Ken Osborne*, for appellant.

*Worley, Wood & Parrish, P.A.*, by: *Melissa Wood*, for appellees.