

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-16-618

| | |
|---|---|
| DIANNA LYNN SCHALL | **Opinion Delivered:** February 1, 2017 |
| APPELLANT | |
| V. | APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION [NO. F907987] |
| UNIVERSITY OF ARKANSAS FOR MEDICAL SCIENCES, PUBLIC EMPLOYEE CLAIMS DIVISION, AND DEATH & PERMANENT TOTAL DISABILITY TRUST FUND | |
| | AFFIRMED |
| APPELLEES | |

## RAYMOND R. ABRAMSON, Judge

Dianna Lynn Schall appeals the April 15, 2016 opinion of the Arkansas Workers' Compensation Commission ("Commission") that reversed a July 22, 2015 opinion of the Administrative Law Judge ("ALJ") and ruled that Schall did not prove that she was permanently and totally disabled. The Commission found that Schall proved she sustained wage-loss disability in the amount of 35 percent. On appeal, Schall contends the Commission's decision is not supported by substantial evidence. We affirm.

On July 11, 2009, Schall, who was forty-one years old at the time, sustained a compensable injury to her right shoulder while employed as a registered nurse at the University of Arkansas for Medical Sciences (UAMS). Schall testified that she "hyper-extended" her arm while moving a hospital patient and that her arm was pulled out of its

socket. She has not returned to work for UAMS or any other employer since her July 11, 2009 work–related injury.

The ALJ found that Schall was permanently and totally disabled. On appeal, the Commission found that Schall did not prove that she was permanently and totally disabled, and then found that Schall had proved she sustained wage-loss disability in the amount of 35 percent. The appeal before us arises from the Commission's opinion dated April 15, 2016. Schall contends the decision of the Commission is not supported by substantial evidence and should be reversed. Specifically, Schall argues that the fact that she has not looked for additional employment is not substantial evidence to support the Commission's finding that she is not permanently and totally disabled.

The standard of review in workers' compensation cases is well settled. On appeal, this court must determine whether there is substantial evidence to support the Commission's decision. *Express Human Resources III v. Terry*, 61 Ark. App. 258, 968 S.W.2d 630 (1998). In appeals involving claims for workers' compensation, this court views the evidence in the light most favorable to the Commission's decision and affirms the decision if it is supported by substantial evidence. *Leach v. Cooper Tire & Rubber Co.*, 2011 Ark. App. 571. Substantial evidence exists if reasonable minds could reach the Commission's conclusion. *Id.* The issue is not whether the appellate court might have reached a different result from the Commission; if reasonable minds could reach the result found by the Commission, the appellate court must affirm. *Id.*

Credibility questions and the weight to be given to witness testimony are within the Commission's exclusive province. *Pack v. Little Rock Convention Ctr.*, 2013 Ark. 186, 427

S.W.3d 586. The Commission's decision to accept or reject medical opinions and how it resolves conflicting medical evidence has the force and effect of a jury verdict. *St. Edward Mercy Med. Ctr. v. Chrisman*, 2012 Ark. App. 475, 422 S.W.3d 171.

Schall's sole point on appeal relates to the fact that she has not attempted to find other employment since her work injury. She argues this fact alone should not preclude her from being found permanently and totally disabled.

Arkansas Code Annotated section 11-9-519(e)(1) (Repl. 2012) provides,

> "Permanent total disability" means inability, because of compensable injury or occupational disease, to earn any meaningful wages in the same or other employment.

The burden of proof shall be on the employee to prove inability to earn any meaningful wage in the same or other employment. Ark. Code Ann. § 11-9-519(e)(2). The Commission is charged with the duty of determining disability based on a consideration of medical evidence and other matters affecting wage loss, including the claimant's age, education, work experience, and other matters reasonably expected to affect his or her future earning capacity. *See* Ark. Code Ann. § 11-9-522(b)(1). Other matters which may reasonably be expected to affect the worker's future earning power such as motivation, post-injury income, bona fide job offers, credibility, or voluntary termination may also be considered. The claimant's motivation to return to work, or lack thereof, is a factor that can be considered when determining an employee's future earning capacity. *SSI, Inc. v. Lohman*, 98 Ark. App. 294, 297, 254 S.W.3d 804, 808 (2007).

In the instant case, Schall testified that she had a high school diploma, as well as her associate's degree in nursing. She worked as a registered nurse for approximately nineteen

years prior to the July 11, 2009 compensable injury. She had experience both as a floor nurse and also a charge nurse. Schall began drawing long-term disability benefits and so her employment at UAMS was terminated in January 2010. She has since moved to California.

Again, in determining permanent total disability, it is the injured employee who bears the burden of proving inability to earn any meaningful wage. Ark. Code Ann. § 11-9-519(e)(1) & (2). Here, Schall has made no effort whatsoever to find a job or return to the workforce. Her lack of motivation is a factor the Commission may consider. The Commission found that Schall did not prove that she has been rendered permanently and totally disabled as a result of her on-the-job shoulder injury. The Commission noted that no treating physician has opined that Schall was unable to resume any gainful employment. The Commission further did not find credible the claimant's testimony that she had been confined to her bedroom as a result of the compensable injury. It is the function of the Commission to determine the credibility of witnesses and the weight to be given their testimony; once the Commission has made its decision on issues of credibility, the appellate court is bound by that decision. *Telling Indus. v. Petty*, 2010 Ark. App. 602, at 7–8, 378 S.W.3d 167, 171–72.

We hold that there is substantial evidence to support the Commission's decision. Reasonable persons could reach the Commission's conclusion in this case, and therefore we affirm.

Affirmed.

GLOVER and MURPHY, JJ., agree.

*M. Keith Wren*, for appellant.
*Robert H. Montgomery*, for appellee.