# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV–17–4



|  |  |
|---|---|
| COREY ROBBINS | **Opinion Delivered:** September 6, 2017 |
| **APPELLANT** | APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION [NO.G506814] |
| V. | |
| HILARK INDUSTRIES, INC., AND HARTFORD UNDERWRITERS INSURANCE COMPANY | |
| **APPELLEES** | AFFIRMED |

## MIKE MURPHY, Judge

Corey Robbins appeals the September 7, 2016 opinion of the Arkansas Workers' Compensation Commission (Commission) in which it adopted the February 25, 2016 opinion of the Administrative Law Judge (ALJ). The ALJ ruled that Robbins failed to prove a compensable injury. Robbins's sole argument on appeal is that the Commission's decision is not supported by substantial evidence. We affirm.

Robbins, who was thirty-one years old at the time, sustained a cardiovascular accident on July 6, 2015, at approximately 10:00 p.m. while at home, which resulted in sudden cardiac arrest and required resuscitation followed by hospitalization, medical treatment, and disability benefits. Robbins worked as a painter at HilArk Industries, where he had worked for more than a year, and his duties consisted primarily of prepping and painting dump truck beds. On the day of the incident, Robbins went to work as he normally

did, prepped the paint, put on a special paint suit, entered the paint booth,[1] and began the painting process. Robbins became overheated while in the paint booth and went to the air-conditioned employee break room to cool down. Another employee in the break room, who worked as an assistant firefighter, told Robbins he appeared to be overheated, so the man notified Dennis Edwards, chief financial officer of HilArk, to tend to Robbins. Edwards repeatedly asked Robbins if he felt well, if he had chest pain, if he had shortness of breath, if he needed medical attention, or if he wished to go home. Robbins repeatedly said he just needed to cool off and that his fiancée could not pick him up from work until his normal quit time of 3:30 p.m.

Monica Johnson, Robbins's fiancée, testified that Robbins became very emotional when he got in the car. She said Robbins told her that "[he] thought [he] could die" and that "he just got too hot." Later that night, she explained he could not get comfortable, so he went to the living room to sit up. Johnson followed him into the living room where he began to "[make] noises, [turn] colors, and [foam] at the mouth." He was resuscitated by paramedics and transported to the hospital where he survived.

At the time of the incident, Robbins had a long history of drug abuse. Just weeks prior, he was advised to undergo narcotics counseling because of depression and suicidal thoughts. When the ambulance arrived, Johnson told the paramedics that Robbins had an opiate addiction, thinking he had overdosed. However, Robbins had a negative drug screen on the night of the incident. Once Robbins was checked in at the hospital, Johnson

---

[1]Testimony described that paint booth as a large ventilated room with a ceiling twenty-two to twenty-four feet high.

informed the doctor that Robbins had overheated at work but that he had started to cool down.

Robbins initially applied for short-term disability and Social Security disability and signed various forms indicating that his disability was not work related. It was not until after talking with one of his doctors that he pursued a workers'-compensation claim; Dr. Steve Hutchins apparently told him that heat could have caused his injury. In his workers'-compensation claim, Robbins contended that the cardiac arrest was brought about as the result of exposure to chemicals, excessive heat, and dehydration associated with his employment.

The ALJ made extensive findings of fact and conclusions of law, which the Commission adopted and affirmed, and ultimately found that Robbins failed to prove that he had sustained a compensable injury within the meaning of the Arkansas workers'-compensation laws. Robbins appealed, asserting that the decision of the Commission is not supported by substantial evidence and should be reversed.

The standard of review in workers'-compensation cases is well settled. On appeal, this court views the evidence in the light most favorable to the Commission's decision and affirms the decision if it is supported by substantial evidence. *Schall v. Univ. of Ark. for Med. Scis.*, 2017 Ark. App. 50, at 2, 510 S.W.3d 302, 303. Substantial evidence exists if reasonable minds could reach the Commission's conclusion. *Id.* The issue is not whether the appellate court might have reached a different result from the Commission, but whether reasonable minds could reach the result found by the Commission: if so, the appellate court must affirm. *Id.*

Credibility questions and the weight to be given to witness testimony are within the Commission's exclusive province. *Id.* The Commission's decision to accept or reject medical opinions and how it resolves conflicting medical evidence has the force and effect of a jury verdict. *Id.*

The issue of compensability is controlled by the provisions of Arkansas Code Annotated section 11-9-114, and the standard of proof in heart-attack cases is high, as follows:

> (a)    A cardiovascular, coronary, pulmonary, respiratory, or cerebrovascular accident or myocardial infarction causing injury, illness, or death is a compensable injury only if, in relation to other factors contributing to the physical harm, an accident is the major cause of the physical harm.
>
> (b)(1) An injury or disease included in subsection (a) of this section shall not be deemed to be a compensable injury unless it is shown that the exertion of the work necessary to precipitate the disability or death was extraordinary and unusual in comparison to the employee's usual work in the course of the employee's regular employment or, alternately, that some unusual and unpredicted incident occurred which is found to have been the major cause of the physical harm.
>
> (2) Stress, physical or mental, shall not be considered in determining whether the employee or claimant has met his or her burden of proof.
>
> Ark. Code Ann. § 11-9-114(a), (b)(1)−(2) (Repl. 2012).

The first element of compensability requires that the relation to all factors contributing to the ultimate physical harm and "accident" must be the major cause of the physical harm.

On appeal, Robbins argues that the testimony from Johnson, who was with him from the time he left work up until the cardiac arrest, and Dr. Hutchins's deposition, combined with the fact that he had no preexisting heart conditions, indicates that the injury

was work related. He contends that his heat exhaustion served as the "accident" that caused his cardiac arrest. He offered Dr. Hutchins as an expert medical witness. In his opinion letter, Dr. Hutchins opined, "It is likely, more probably than not, that the cardiac arrest event was related to his working conditions on the day of his event. The heat exhaustion, dehydration and stress of the day could have contributed to his arrest." Dr. Hutchins admitted his opinion relied on whether Robbins got in distress and stayed in distress until the incident. He explained that, had he been told that Robbins had gotten hot at work, cooled down for an hour, gone back to work all afternoon, and repeatedly said, "I feel fine," he would not think that the injury would be work related.

Ultimately, the Commission found that Dr. Hutchins's opinion "was based solely upon incomplete and inaccurate history." The Commission conceded that while Robbins may have suffered from some temporary heat exhaustion at the workplace, the record as a whole reflected that Robbins ceased work immediately, rehydrated, and was feeling better when he left work. The Commission supported its conclusion by finding that the record reflected that Robbins had preexisting chest problems,[2] he had a history of drug abuse, and he was under significant stress unrelated to his employment. The Commission concluded that "it would require sheer speculation and conjecture to attribute [Robbins's] cardiac arrest to events at the workplace."

From our review, we conclude that substantial evidence supported the Commission's conclusion. We defer to the Commission's credibility determination rejecting Dr.

---

[2]Robbins was born with pectus excavatum, which is a congenital defect where his chest cavity is not the normal size and required him to undergo surgery at age five.

Hutchins's medical testimony that the injury was "more probably than not" related to work. It is perhaps noteworthy that two other cardiologists treated Robbins, Dr. Monica Lo and Dr. Vasili Lendel, and neither had an opinion similar to Dr. Hutchins's—Dr. Lo believed the cardiac arrest was not work related and Dr. Lendel did not state an opinion. Additionally, Dr. Lo noted that Robbins felt lethargic at home after work but was otherwise his normal self and that, until the event of the cardiac arrest, he had been feeling reasonably well. She also diagnosed him with takotsubo cardiomyopathy, which Dr. Hutchins stated in his deposition could possibly have been a cause of the cardiac arrest. He explained that in most cases of takotsubo cardiomyopathy, one has an acute-injury heart failure and that it can be caused by a stressful or emotional event. Robbins admitted that at the time he had a lot of personal stress unrelated to work: repeated garnishments for other medical bills and child support; resumption of opiate use; moving in and out of his fiancée's home the month before; and suicidal depression for which he was being treated.

Moreover, as we held in *Ayers Drywall & Insulation v. Carey*, 2009 Ark. App. 749, at 8, 352 S.W.3d 334, 338, the mere fact that there was evidence to support a contrary finding does not allow this court to reverse the Commission's resolution of conflicting medical evidence.

We need not address the second statutory requirement because Robbins did not meet the first element of compensability.

Substantial evidence exists to support the Commission's finding that Robbins failed to prove a compensable injury. The conflicting medical testimony was for the Commission

to resolve, and reasonable minds could determine that Robbins suffered a cardiac arrest for reasons other than work-related heat exhaustion. Therefore, we must affirm.

Affirmed.

KLAPPENBACH and VAUGHT, JJ., agree.

*Corey Robbins*, pro se appellant.

*Smith, Williams & Meeks, L.L.P.*, by: *Gene Williams*, for appellees.