MIKE MURPHY, Judge
Appellants University of Arkansas at Pine Bluff (UAPB) and the Public Employee Claims Division appeal from the March 1, 2018 opinion of the Arkansas Workers' Compensation Commission (Commission) that determined appellee Carl Hopkins had established a causal connection between his work-related injury and the additional medical treatment rendered and that appellee was entitled to additional temporary total-disability benefits from January 24 through June 19, 2017. The Commission's opinion affirmed the opinion of the administrative law judge (ALJ). On appeal, appellants argue that the Commission's decision is not supported by substantial evidence. We affirm.
On April 8, 2016, appellee, then fifty-three years old, suffered a compensable neck injury while transporting components of a large stage from the school gym to the convention center at UAPB. He explained that he reached over to grab a smaller stage that was rolling off the sidewalk, was pushed down, and felt a pop in his neck. He did not report the injury that day. Id. Once he developed left-arm and shoulder pain that became unbearable, he reported the incident on April 19, 2016, and was instructed to see a doctor at Health Care Plus where he eventually came under the care of Dr. Justin Seale.
Dr. Seale recommended against surgical intervention and treated appellee conservatively with epidural injections and physical therapy until he was released on November 23, 2016, with a zero percent impairment rating. Appellee had been receiving temporary total-disability benefits until his healing period ended in November. In December 2016, Dr. Seale referred appellee for a functional capacity evaluation. The result revealed that appellee put forth a reliable effort throughout the evaluation and that he could perform work only in the medium-duty classification.
Appellee remained symptomatic and sought additional medical treatment. His primary-care physician recommended that he see neurosurgeon Dr. Brad Thomas. On January 12, 2017, Dr. Thomas conducted an x-ray and opined that appellee was not a surgical candidate, but he ordered an MRI and excused appellee from work. A January 20, 2017 MRI revealed multilevel *784 degenerative disc disease with multilevel severe bilateral neural foraminal narrowing and moderate canal narrowing at C5-C6. After reviewing the MRI and because conservative treatment had failed under Dr. Seale's care, Dr. Thomas recommended surgery. Following the MRI, Dr. Thomas excused appellee from work from January 24 to April 14, 2017. Appellee underwent surgery on March 2, 2017. Appellee testified at the administrative hearing that following surgery, he felt a lot better and "without that surgery ... [he] wouldn't have made it." He reported that the shooting type of pain had improved but that he now suffers from weakness, aching, and numbness. After surgery, Dr. Thomas extended appellee's off-work status until May 30, 2017, and per appellee's testimony, he returned to work on June 19, 2017.
The ALJ conducted a hearing on July 14, 2017, and appellee contended that he was entitled to additional medical treatment, temporary total-disability benefits, and attorney's fees. The ALJ first found that appellants were not responsible for medical expenses incurred through Dr. Thomas because appellee did not receive permission to change physicians from either appellants or the Commission. Next, the ALJ awarded an additional period of temporary total disability from January 24 through June 19, 2017. On March 1, 2018, the Commission affirmed and adopted the opinion of the ALJ.
Arkansas law permits the Commission to adopt the ALJ's opinion. White v. Butterball, LLC , 2018 Ark. App. 7, at 4, 538 S.W.3d 240, 242. When the Commission adopts the ALJ's opinion, it makes the ALJ's findings and conclusions its findings and conclusions, and for the purpose of appellate review, we consider both the ALJ's opinion and the Commission's majority opinion. Id.
Appellants timely appealed the Commission's decision, arguing that substantial evidence did not support its finding that there was a causal connection between appellee's work-related injury and the treatment rendered by Dr. Thomas. Appellants also argue that substantial evidence did not support the Commission's finding that appellee was entitled to additional temporary total disability.
The standard of review in workers'-compensation cases is well settled. On appeal, this court views the evidence in the light most favorable to the Commission's decision and affirms the decision if it is supported by substantial evidence. Schall v. Univ. of Ark. for Med. Scis. , 2017 Ark. App. 50, at 2, 510 S.W.3d 302, 303. Substantial evidence exists if reasonable minds could reach the Commission's conclusion. Id. The issue is not whether the appellate court might have reached a different result from the Commission but whether reasonable minds could reach the result found by the Commission; if so, the appellate court must affirm. Id.
Turning to the first point on appeal, the Commission found that "Dr. Thomas' opinion is entitled to greater weight as surgery revealed disc protrusions with nerve root compression," which was consistent with the radiology and EMG/NEV reports. The opinion noted the following:
There is some difference of opinion between the radiologist and Dr. Seale with regard to bulging versus herniated discs, and there is a difference of opinion between Dr. Seale and Dr. Thomas as to whether or not the claimant was a candidate for surgery. But the evidence of record shows the claimant was able to work for the respondent-employer for nine (9) years with no history of limitations, absences from work, or medical treatment for his neck or shoulder until *785 the incident at work on April 8, 2016. Dr. Thomas' surgery was also helpful in improving the claimant's pain. The claimant has made a good faith effort to return to work after his release by Dr. Seale and by Dr. Thomas. He also performed reliably on the Functional Capacity Evaluation. Although the claimant's AR-N shows a shoulder injury, I do not expect a person to be able to know that radiating pain in the arm may actually be emanating from the neck.
On appeal, appellants direct our attention to the fact that Dr. Thomas originally declared that appellee was not a candidate for surgery related to his neck pain, and the mention of herniated discs had not previously been noted in appellee's earlier medical reports. Appellants cite Roberts v. Leo Levi Hospital , 8 Ark. App. 184, 649 S.W.2d 402 (1983), to support their assertion that a medical opinion based solely on a claimant's history and own subjective belief that a medical condition is related to a compensable injury is not a substitute for credible evidence. In Roberts , the Commission found appellant failed to prove she had sustained a compensable injury. In so finding, the Commission stated that there were numerous inconsistencies in appellant's testimony and that her doctor's opinion, largely based on facts related to him by the appellant, lacked sufficient independent knowledge upon which to corroborate appellant's claim.
Roberts is distinguishable from the case at hand. In Roberts , the Commission did not disregard the opinion of the doctor merely because it was based on a medical history related by the claimant but because it found that the claimant's history as stated to the doctor was at variance with her statements on other occasions and that the medical evidence based on the claimant's statements was, therefore, entitled to little weight. Here, on the other hand, the Commission found appellee's testimony and the history as relayed to the doctor to be credible and found the doctor's opinion based on that history to be convincing. The opinion mentioned appellee had worked for the employer for nine years without any problems; he made a good-faith effort to return to work; and he performed reliably on the functional capacity evaluation.
It is well established that the credibility of witnesses and the weight to be given to their testimony are within the exclusive province of the Commission. Webster v. Ark. Dep'tof Corr. , 2017 Ark. App. 558, at 3, 537 S.W.3d 731, 734. Thus, we are foreclosed from determining the credibility and weight to be accorded to each witness's testimony, and we defer to the Commission's authority to disregard the testimony of any witness, even a claimant, as not credible. Id. When there are contradictions in the evidence, it is within the Commission's province to reconcile conflicting evidence and determine the facts. Id. Here, the Commission found appellee and Dr. Thomas to be credible. Thus, deferring to the Commission's credibility determination, we hold that substantial evidence supported the decision that additional medical treatment was necessary.
For their second point on appeal, appellants contend that appellee is not entitled to additional temporary total-disability (TTD) benefits. The Commission awarded additional TTD benefits from January 24, 2017, to June 19, 2017-the healing period while in Dr. Thomas's care until appellee returned to work. Notably, the Commission found that appellants were not liable for the medical expenses stemming from Dr. Thomas's treatment because appellee did not receive permission to change physicians.
*786 A TTD occurs when a claimant is within his or her healing period and suffers a total incapacity to earn wages. Kiswire Pine Bluff, Inc. v. Segars , 2018 Ark. App. 296, at 7-8, 549 S.W.3d 410, 415. The healing period continues until the employee is restored as much as the permanent character of his or her injury will permit; the healing period ends when the underlying condition that caused the disability is stabilized and no additional treatment will improve the condition. Id. The Commission determines as a matter of fact when the healing period has ended. Id. Its decision will be affirmed on appeal if it is supported by substantial evidence. Id. The claimant's "failure to return to work must be causally related to the injury." Id.
Because we affirm that the surgery performed by Dr. Thomas was reasonably necessary and related to appellee's injury, we also hold that appellee was in a healing period during that time and could not work, thus entitling him to additional TTD benefits.
Affirmed.
Whiteaker And Vaught, JJ., agree.