Bobbie SMITH *v.*
COUNTY MARKET/SOUTHEAST FOODS
and Wausau Insurance Company

CA 00-0656 44 S.W.3d 737

Court of Appeals of Arkansas
Divisions I and II
Opinion delivered April 25, 2001

334

*Howard J. Goode,* for appellant.

*Michael E. Ryburn,* for appellees.

LARRY D. VAUGHT, Judge. This is an appeal from a decision of the Arkansas Workers' Compensation Commission denying additional temporary total disability benefits, permanent disability benefits, and medical expenses. Appellant, Bobbie Smith, argues that the Commission erred in ruling that she failed to establish a compensable injury by medical evidence, supported by objective findings. We reverse and remand the decision of the Commission for further proceedings.

Bobbie Smith was working as a cashier at County Market on October 2, 1995, when she slipped and fell on a recently-mopped floor at the workplace, during work hours. Appellee initially accepted her injury as compensable, and stipulated that it was work-related. Appellee paid for the cost of the claimant's medical treatment relating to complaints from the October accident through July 19, 1996. Subsequent to July 19, appellee concluded that appellant did not have objective findings sufficient to support a claim of compensability. However, appellant utilized her health insurance to obtain additional treatment and diagnostic studies after her employer controverted the compensability of the claim in July of 1996.

Appellant's primary complaint, after her fall, was bruising and pain in her hip. She was evaluated by Dr. Norris Knight, an orthopaedic surgeon. who referred her to Dr. Freddie Contreras, a neurosurgeon, for her complaints of low back pain. After several radiographic diagnostic studies, including an MRI, myleogram, and CT scan, that were essentially normal, Dr. Contreras referred Smith to a physical medicine and rehabilitation specialist, Dr. Rosham Sharma, in an effort to treat her conservatively, without surgery. Dr. Sharma treated Smith over a course of time, noting muscle spasm in her back, atrophy, and a decreased size in her right calf muscle. Dr. Sharma eventually recommended a "discogram," which was obtained on August 22, 1996, from a Dr. Patrick Peavey in Shreveport, Louisiana.

The discogram revealed certain abnormalities at the L4–L5 level that were characterized as a disc bulge or a "large annular"

fissure. Based on the results of the discogram, Dr. Sharma assigned a 15% physical impairment rating to the body as a whole, relying on the *AMA Guide to Evaluation of Permanent Impairment,* 3rd Edition. Subsequently, the ALJ awarded benefits based on Dr. Sharma's impairment rating, and appellant's wage-loss claim. The Commission reversed, over the dissent of Commissioner Humphrey, based on its view that a fissure indicated by a discogram is not an "objective finding" to support a compensable injury under the Arkansas Workers' Compensation Act.

 Arkansas Code Annotated section 11-9-102(5)(D) (Repl. 1997) provides that a compensable injury must be established by medical evidence supported by "objective findings." An objective finding is defined as a finding that cannot come under the voluntary control of the claimant. Ark. Code Ann. § 11-9-102(16) (Repl. 1997). This court reviews decisions of the Workers' Compensation Commission to see if they are supported by substantial evidence. *Deffenbaugh Indus. v. Angus,* 39 Ark. App. 24, 832 S.W.2d 869 (1992). Substantial evidence is that relevant evidence which a reasonable mind might accept as adequate to support a conclusion. *Wright v. ABC Air, Inc.,* 44 Ark. App. 5, 864 S.W.2d 871 (1993). The issue is not whether this court might have reached a different result from that reached by the Commission, or whether the evidence would have supported a contrary finding. If reasonable minds could reach the result shown by the Commission's decision, we must affirm the decision. *Bradley v. Alumax,* 50 Ark. App. 13, 899 S.W.2d 850 (1995). Further, the Commission has the authority to accept or reject medical opinions, and its resolution of the medical evidence has the force and effect of a jury verdict. *Estridge v. Waste Management,* 343 Ark. 276, 33 S.W.3d 167 (2000).

Based on the letters and reports from Dr. Peavy, we note that he performed a "five level lumbar discogram" at the request of Dr. Sharma. The discogram involves injecting a dye into the disc spaces, and observing both the patient's pain response to the different injections at each level and observing the dispertion pattern of the dye on x-ray and CT films. Dr. Peavy stated that diskography is "somewhat controversial" but does appear to be useful in certain cases. He admits that some of the "provocative response is subjective," but he describes Smith's pain response as "unequivocal." Smith's pain response at the L4-L5 level was consistent with "fissuring" on that level that he visualized on an accompanying CT scan. In later correspondence to appellant's attorney, Dr. Peavy stated that the significant objective anatomic findings were at the L4-L5 level where a "fairly large central annular fissure" was observed on

CT scan. He also noted a small "focal associated bulge" at this level. Dr. Peavy was not deposed, and did not testify at the hearing. His report and correspondence were stipulated to and admitted at the hearing.

In support of Dr. Peavy's discogram, appellant submitted a letter from Dr. Joseph Greenspan. Dr. Greenspan offers the opinion that the discogram on Bobbie Smith was composed of three parts, two of which are objective. He admits that the third might be considered subjective for purposes of the Arkansas Workers' Compensation Act. He says that the "post-injection plain films" document "one markedly positive disc and four distinctly negative control discs." Dr. Greenspan opines that the second part, the objective post-injection CT scan films, document the same findings. The third portion of the test, based on the patient's pain response, is consistent with the first two. Dr. Greenspan goes on to state that the discogram is the "diagnostic gold standard" when MRI and CT scans fail to document disc pathology. Dr. Greenspan was not deposed, and did not testify at the hearing. His letter opinion was admitted at the hearing. However, Dr. Greenspan's report is never mentioned in the Commission's decision.

Appellant's treating neurosurgeon, Dr. Contreras, takes a different view of the validity of the discogram. He states in deposition that he has not ordered more than one discogram in ten years, that he believes them to be 99% unreliable, and that he believes healthy discs will exhibit the same changes on discogram as diseased discs. However, he admits that a discogram is an approved test by the "Medical Association."

■ ■ The Commission denied benefits based on the discogram results not confirming the "objective findings" required by the Act. Clearly, a patient's pain response to an injection in his spine is something at least partially within his control, and potentially subject to manipulation. However, radiographic images of the dye, once injected into the spine, are clearly not subject to a claimant's manipulation. Results of x-ray, CT scan, MRI, and other radiographic and computerized diagnostic studies are "objective findings" for purposes of the Arkansas Workers' Compensation Act. Therefore, we must conclude that an x-ray and CT scan of the spine, with dye contrast, cannot be rendered meaningless in a Workers' Compensation context just because a patient's pain response during the injection of the dye is taken into account.

While the Commission hinges its analysis upon a lack of "objective findings," it may be that it is attempting to embrace Dr. Contreras's skepticism about the value of the discogram findings in light of numerous "normal" CT and MRI scans. Reasonable minds may disagree about the significance of objective findings; however, it is impossible to disagree that objective findings do exist. Here, the Commission may believe, as does Dr. Contreras, that the results of Smith's discogram do not indicate surgery, and may simply represent the degenerative aging process. However, reasonable minds cannot conclude that evidence of Dr. Peavy's visualization of a fissure is not objective in nature.

The Commission attempts to announce a bright-line rule prohibiting discograms to prove "objective findings" in Arkansas Workers' Compensation proceedings. This is contrary to a strict reading of the text of the statute in that the discogram, as described here, is clearly an objective test that also takes into account a patient's subjective pain response.

 For her second point on appeal, appellant argues that the Commission erred in disregarding two other "objective findings" supporting her injury, namely muscle spasm and muscle atrophy, both observed and noted by Dr. Sharma. Appellee and the Commission seem to suggest that the Commission is free to disregard such findings when they are not clearly linked to the compensable injury. Dr. Contreras opined that he could not say for certain that the atrophy resulted from a disc injury. However, as Commissioner Humphries' dissent points out, the standard is not one of "absolute certainty," but merely a "reasonable degree of medical certainty." The Commission is the finder of fact, and is free to disregard medical testimony that it deems incredible. *Estridge, supra*. However, muscle spasm, or involuntary muscle contraction or tension and shortness in the muscles, has been held to be an "objective finding." See *Continental Express, Inc. v. Freeman*, 339 Ark. 142, 4 S.W.3d 124 (1999); *UAMS v. Hart*, 60 Ark. App. 13, 958 S.W.2d 546 (1997).

Therefore, we reverse and remand the decision of the Commission, for further proceedings consistent with this opinion.

PITTMAN, HART, GRIFFEN, CRABTREE, and BAKER, JJ., agree.