Ronnie ELLIS *v.* J.D. & BILLY HINES TRUCKING, INC.
and Cypress Insurance Company

CA 08-688                                289 S.W.3d 497

Court of Appeals of Arkansas
Opinion delivered December 10, 2008

*Moore & Giles, LLP,* by: *Greg Giles,* for appellant.

*Michael E. Ryburn,* for appellee.

D.P. MARSHALL, Judge. Ronnie Ellis was involved in an automobile accident while driving a truck for J.D. & Billy Hines Trucking, Inc. Ellis swerved to avoid an oncoming car; his truck's brakes locked up; and the truck skidded off the road, landing on its side. Ellis claimed that he injured his neck, left shoulder, and left knee in the accident. His employer accepted the neck injury as compensable, but refused to pay benefits for Ellis's alleged shoulder and knee injuries. The Commission adopted the administrative law judge's opinion and found that Ellis failed to prove that he suffered compensable left knee and shoulder injuries. Ellis appeals.

To receive benefits for his shoulder and knee injuries, Ellis had to prove these facts: (1) that he suffered an injury arising out of and in the course of his employment; (2) that the injury was caused by a specific incident identifiable by time and place of occurrence; (3) that the injury caused internal or external physical harm to his body, which required medical services or resulted in disability or death; and (4) that the injury was established by medical evidence supported by objective findings. Ark. Code Ann. § 11-9-102(4)(A)(i), (D) (Supp. 2007). The Commission found that Ellis failed to prove either a left knee or left shoulder injury because the injuries were not established by medical evidence supported by objective findings. Under our substantial-evidence standard of review, we must affirm if fair-minded persons with the same facts before them could have reached the Commission's conclusion. *Smith v. County Market/Southeast Foods*, 73 Ark. App. 333, 336, 44 S.W.3d 737, 739 (2001).

The Commission acknowledged two pieces of medical evidence supporting Ellis's claims: (1) an Emergency Nursing Record from the date of Ellis's accident with a checkmark beside the words "tenderness/swelling" and "L shoulder" handwritten to the side; and (2) a Texas Workers' Compensation Work Status Report bearing the date of the accident (a Report which, according to testimony, may have been created several days later), where Ellis's doctor noted "contusion L shoulder & L knee." But the Commission concluded that neither record constituted an objective medical finding.

We agree with the Commission that the first record — noting "tenderness/swelling" — is ambiguous. We do not know whether the nurse intended to note "tenderness" (a subjective finding), "swelling" (an objective finding), or both. In the absence of evidence explaining the ambiguity, Ellis did not meet his burden of proving that this was an objective medical finding.

We disagree, however, with the Commission's conclusion about the second piece of medical evidence — the "contusion" diagnosis by Ellis's doctor. The Commission decided that the "diagnosis of contusions in the knee and shoulder, without more, do not satisfy in this case the requirement of an objective finding" and that a contusion "can itself be based either on objective findings or subjective complaints." The Commission relied on *Rodriguez v. M. McDaniel Co.*, 98 Ark. App. 138, 252 S.W.3d 146 (2007), in reaching its conclusion.

In *Rodriguez*, the claimant was twice diagnosed with a hip contusion. First, in the emergency room on the date of her injury, Rodriguez was diagnosed with a "hip contusion on the right." 98 Ark. App. at 143, 252 S.W.3d at 150. Three weeks later, Dr. Timothy Yawn evaluated Rodriguez and also diagnosed a contusion. Dr. Yawn later testified that "his diagnosis of a contusion did not necessarily mean that he had viewed a disturbance in the skin and tissue." 98 Ark. App. at 142, 252 S.W.3d at 150. Dr. Yawn also testified about the emergency-room contusion note. He said that "the notation in the record most likely referred to tenderness and not to visible darkening or bruising." 98 Ark. App. at 144, 252 S.W.3d at 152. Various tests failed to reveal any internal injury. 98 Ark. App. at 141-44, 252 S.W.3d at 149-52. In *Rodriguez*, the Commission thus had to weigh conflicting medical evidence about a contusion. As this court acknowledged, "the Commission chose to believe the testimony of Dr. Yawn," 98 Ark. App. at 144, 252 S.W.3d at 152, and not the emergency-room record. We therefore affirmed the Commission's finding that Rodriguez failed to prove objective medical findings. 98 Ark. App. at 143-45, 252 S.W.3d at 151-52.

This case is different. Here we have a contusion diagnosis with no conflicting testimony about the nature of the contusion.

In their brief, the appellees quote a medical dictionary that defines a "contusion" as an injury to tissues without breakage of skin: a bruise. MILLER-KEANE ENCYCLOPEDIA AND DICTIONARY OF MEDICINE, NURSING, AND ALLIED HEALTH 375 (6th ed. 1997). The appellees' definition echoes those in other medical reference books. *E.g.*, THE SLOANE-DORLAND ANNOTATED MEDICAL-LEGAL DICTIONARY 165 (1987); STEDMAN'S MEDICAL DICTIONARY 390 (26th ed. 1995); TABER'S CYCLOPEDIC MEDICAL DICTIONARY 479 (20th ed. 2005). It is substantially the same as the standard definition of a contusion. 3 OXFORD ENGLISH DICTIONARY 857 (2nd ed. 1998). Our cases, moreover, use the words "contusion" and "bruise" interchangeably. *Parson v. Arkansas*

*Methodist Hospital,*103 Ark. App. 178, 182, 287 S.W.3d 645, 648 (2008). For example, this court has specifically referred to a doctor's diagnosis of a shoulder contusion as a bruise. *Stephenson v. Tyson Foods, Inc.,* 70 Ark. App. 265, 268, 272-73, 19 S.W.3d 36, 38, 41 (2000). And we have held that a contusion is an objective medical finding. *Parson,* 103 Ark. App. at 182, 287 S.W.3d at 648; *Bryant v. Staffmark, Inc.,* 76 Ark. App. 64, 67, 61 S.W.3d 856, 858 (2001). We must follow our precedent in this case.

■ The parties do not discuss contusions to internal organs, which may raise external-visibility issues. *Compare Meister v. Safety Kleen,* 339 Ark. 91, 92-95, 3 S.W.3d 320, 321-22 (1999) (addressing diagnosis of contusion to internal body part); *see also* ATTORNEY'S ILLUSTRATED MEDICAL DICTIONARY C74 (West Publishing Company 1997) (defining contusions of the heart, brain, and spinal cord). And we do not address that type of contusion. This case is about Dr. Nix's unequivocal diagnosis of contusions to Ellis's left shoulder and left knee. We are convinced that reasonable persons with the same facts before them could not have arrived at the Commission's conclusion about Ellis's contusions. *Smith,* 73 Ark. App. at 336, 44 S.W.3d at 739. We therefore reverse and remand for the Commission to re-examine its decision about the compensability of Ellis's shoulder and knee injuries in light of our conclusion that Ellis satisfied the statute's objective-findings requirement. Ark. Code Ann. § 11-9-102(4)(D).

■ On remand, the Commission should consider all relevant medical evidence, including the spasms noticed by Ellis's chiropractor and the "soft-tissue swelling" noted in an emergency-room record. Ellis did not emphasize it, and neither the ALJ nor the Commission addressed this other medical evidence. At the hearing, Ellis's attorney directed the ALJ's attention to "two primary references" — the Emergency Nursing Record and the Texas Workers' Compensation Work Status Report. Though it is the province of the Commission to weigh conflicting medical evidence, it may not arbitrarily disregard medical evidence. *Coleman v. Pro Transportation, Inc.,* 97 Ark. App. 338, 346-47, 249 S.W.3d 149, 155-56 (2007). We make no comment on the effect of this evidence; we merely direct that the Commission consider it when it revisits compensability.

Reversed and remanded.

BIRD and BAKER, JJ., agree.