RAYMOND R. ABRAMSON, Judge
Deborah Diann Gunter appeals the Arkansas Workers' Compensation Commission's (Commission) denial of her claim that she sustained a compensable cervical spine injury while working at Bill's Super Foods (Bill's). She argues that substantial evidence does not support the Commission's finding and that she should be entitled to additional medical treatment, specifically in the form of surgery as prescribed by Dr. Wayne Bruffett. For the following reasons, we affirm.
Gunter appeals the Commission's June 9, 2017 opinion and order that affirmed the administrative law judge (ALJ)'s decision finding that Gunter failed to prove she sustained a work-related neck or back injury. Gunter and her supervisor, Douglas Heise, were the only two witnesses to testify at the hearing before the ALJ. Gunter testified that before going to work at Bill's, she had worked as a cook in a restaurant, was a daycare teacher, performed patient administration, and was a dispatcher in Faulkner County.
At Bill's, she initially worked at the deli, where she was responsible for cooking, cleaning, and serving customers. She remained in that position for a year and a half. She then began working as a cashier where her job duties included checking people out and getting items, such as 50-pound bags of dog food and 5-gallon buckets of chicken, in and out of carts.
Gunter maintains that she injured herself while picking up a 50-pound bag of dog food on January 20, 2015, and testified at the hearing, "I was checking someone out, and they had put that big-the bag up under the buggy on the bottom, and I-when I pick it up, I thought that I felt a muscle pull. It was just a sudden pull. It was like a-just-I woke up the next morning stiff, so I figured it was a pulled muscle." Gunter admitted that she did not say anything to her supervisor and continued to work; she also conceded that she had undergone disc surgery a decade before, in 2005, that was unrelated to her work duties at Bill's.
Gunter testified that she continued to work but that her condition worsened, so she went to see her primary-care physician, Dr. Mark Vice, on or about February 9, 2015. Gunter had an MRI, and Dr. Vice took her off of work and she eventually started receiving workers'-compensation benefits. She was also referred to Dr. Amir Qureshi, a pain-management specialist, who started her on shots. Gunter testified that the shots worked for about a month but that they burned her nerve endings, so she then went to see Dr. Bruffett who recommended surgery.
*573 Douglas Heise, Gunter's supervisor and the store manager of Bill's, testified that Gunter never reported a specific incident involving picking up a bag of dog food prior to coming to him about getting an MRI in February 2015. Heise testified that Gunter had complained about back pain from time to time but that she had not said anything to him about those problems being related to a specific incident at work until she came to him about the MRI. Heise stated that Gunter had worked for him for a couple of years and that she was a good employee who did a good job.
The medical evidence shows that Dr. Vice's February 9, 2015 report is the first medical report after her alleged injury date. In that report under the "History of Present Illness" section, Gunter provided information that her problems had started one month before to her February 9 visit, and there was no mention of a specific incident involving dog food. Dr. Vice did not report a work-related accidental injury or otherwise attribute his diagnosis of cervical radiculopathy to Gunter's employment at Bill's. When Gunter had her MRI done ten days later, on February 19, 2015, she informed Baptist Imaging that she had been experiencing symptoms in her cervical spine for several months. The Commission found there was no probative evidence to demonstrate that the condition shown on the MRI was causally related to an accidental injury that Gunter alleges occurred on January 20, 2015.
Dr. Bruffett saw Gunter on May 6, 2015, and recommended additional diagnostic testing in preparation for surgery. It is within the Commission's province to weigh all of the medical evidence and to determine what is most credible. Minnesota Mining & Mfg. v. Baker , 337 Ark. 94, 989 S.W.2d 151 (1999). Here, the Commission found that Dr. Bruffett's treatment recommendation was based on the history provided by Gunter, and that history was not supported by the record and was not credible. The Commission "therefore placed minimal evidentiary weight on Dr. Bruffett's findings." The Commission found that Gunter did not prove by a preponderance of the evidence that she sustained a compensable injury and that she did not prove an accidental injury causing physical harm to the body. The Commission also found that Gunter did not prove that she sustained an injury caused by a specific incident or identifiable by time and place of occurrence on January 20, 2015, and further found that Gunter was not a credible witness. Accordingly, the Commission then denied and dismissed Gunter's claim. The sole issue on appeal is whether substantial evidence supports the Commission's finding.
Arkansas law permits the Commission to adopt the ALJ's opinion. Stoker v. Thomas Randal Fowler, Inc. , 2017 Ark. App. 594, 533 S.W.3d 596. When the Commission adopts the ALJ's opinion, it makes the ALJ's findings and conclusions its findings and conclusions, and for the purpose of appellate review, we consider both the ALJ's opinion and the Commission's majority opinion. Id.
When the Commission denies benefits because a claimant has failed to meet his or her burden of proof, the substantial-evidence standard of review requires that we affirm if the Commission's decision displays a substantial basis for the denial of relief. Fulbright v. St. Bernard's Med. Ctr. , 2016 Ark. App. 417, 502 S.W.3d 540. On appeal, the appellate court views the evidence in the light most favorable to the Commission's decision and affirms the decision if it is supported by substantial evidence, which is evidence that a reasonable mind might accept as adequate to support a conclusion. Jones v. Target Corp. , 2017 Ark. App. 199, 518 S.W.3d 119.
*574 The issue on review is not whether the evidence would have supported a contrary finding or whether we might have reached a different result; we affirm if reasonable minds could reach the Commission's conclusion. Bennett v. Tyson Poultry, Inc. , 2016 Ark. App. 479, 504 S.W.3d 653. We defer to the Commission on issues involving credibility and the weight of the evidence. Frost v. City of Rogers , 2016 Ark. App. 273, 492 S.W.3d 875.
To prove a compensable injury as a result of a specific incident that is identifiable by time and place of occurrence, the claimant must establish by a preponderance of the evidence (1) an injury arising out of and in the course of employment; (2) that the injury caused internal or external harm to the body that required medical services or resulted in disability or death; (3) medical evidence supported by objective findings, as defined in Arkansas Code Annotated section 11-9-102(16) (Repl. 2012), establishing the injury; and (4) that the injury was caused by a specific incident identifiable by time and place of occurrence. Ark. Code Ann. § 11-9-102(4)(A)(i).
Here, we agree with the Commission's decision that Gunter did not satisfy her statutory burden of proof. She failed to establish the existence of any cervical spine injurythat occurred while working at Bill's. As noted above, a compensable injury must be established by medical evidence supported by objective findings. See Ark. Code Ann. § 11-9-102(4)(D) (Repl. 2012). "Objective findings" are those findings which cannot come under the voluntary control of the patient. The employee has the burden of proving by a preponderance of the evidence that she sustained a compensable injury. Preponderance of the evidence means the evidence having greater weight or convincing force. Metropolitan Nat'l Bank v. La Sher Oil Co. , 81 Ark. App. 269, 101 S.W.3d 252 (2003).
With these standards in mind, we hold that there is a substantial basis for the Commission's denial of Gunter's claim. There is no indication in Gunter's medical records that her injury was due to a work-related incident. She had no witness to corroborate her story about the alleged cause of her neck or back problems. Gunter never reported any alleged work-related incident to her supervisor, Douglas Heise, until her doctor sent her for an MRI almost a month after she claims the alleged incident occurred. Because there is a rational basis for the Commission's denial of Gunter's claim, we affirm.
Affirmed.
Glover and Murphy, JJ., agree.