RITA W. GRUBER, Chief Judge
Appellant Shela Lybyer appeals from a decision of the Arkansas Workers' Compensation Commission (Commission) denying her temporary total disability (TTD) benefits. Appellees, the Springdale School District and the Arkansas School Boards Association, cross-appeal from that part of the decision ordering them to provide appellant conservative treatment with a physician specializing in weight loss. We affirm.
Appellant was working as a custodian at Har-Ber High School in Springdale when she sustained a compensable injury to her low back on June 22, 2015, while helping to move wrestling mats in the school gym. Her supervisor was notified, and he transported her to MedExpress. She was released to return to work on "very light duty" with initial restrictions that included lifting nothing that weighed more than ten pounds. Appellant returned to work; her light-duty job typically consisted of washing windows. On a visit the following week, appellant was referred to physical therapy. Medical records indicate that appellant saw various medical professionals at MedExpress and eventually saw a neurosurgeon, Dr. Charles Nalley, on September 28, 2015, who became her treating physician. He treated her conservatively, with steroid injections to her spine and continued physical therapy, but the treatments did not significantly improve her condition. Dr. Nalley recommended back surgery but refused to perform the surgery because of the risks associated with appellant's obesity and advised her to lose ninety pounds. The medical records also indicate that appellant was treated by Dr. Garland Thorn, Jr., during the time following her injury; she saw Dr. Thorn for weight issues and hypertension.
In late 2015 while still working within her restrictions, appellant was "called in" by appellees to attend a meeting because they claimed that she left early without clocking out and took long breaks. Then on December 22, 2015, appellant attended a meeting with district supervisors at which she was accused of attempting to cover surveillance cameras in a hallway where she worked. She admitted having attempted to cover one camera with tape. Appellant signed a resignation letter on December 22, 2015.
After her employment with appellees ended, appellant sought TTD benefits, which appellees denied. The prehearing order indicated that the issues to be tried included appellant's entitlement to medical benefits, specifically weight-loss-reduction surgery, and entitlement to TTD benefits from December 22, 2015, to a date yet to be determined. The hearing before the administrative law judge (ALJ) was held on October 10, 2017. The medical records were introduced into evidence, and appellant was the only witness. The ALJ entered an order denying appellant's request for TTD benefits because he determined that she made a choice to resign, which did not provide her benefits under the Workers' Compensation Act. The ALJ ordered appellees to provide "conservative treatment for the [appellant] with a physician specializing in weight loss and to pay *808 for reasonable and necessary costs associated with that treatment, including making available physical activity such as gym or pool membership if that type of treatment is recommended by the [appellant's] chosen physician specializing in weight loss." Both sides appealed to the full Commission. In a unanimous decision, the Commission affirmed the decision of the ALJ and adopted the decision as its own.[1] Both sides timely appealed the Commission's decision.
In reviewing decisions from the Commission, we view the evidence and all reasonable inferences in the light most favorable to the Commission's decision and affirm if it is supported by substantial evidence. Skinner v. Tango Transp., Inc. , 2016 Ark. App. 304, at 8, 495 S.W.3d 637, 643. Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. Id. The issue is not whether this court might have reached a different result from the Commission. Id. Additionally, questions concerning the credibility of witnesses and the weight to be given to their testimony are within the exclusive province of the Commission. Id. When there are contradictions in the evidence, it is within the Commission's province to reconcile conflicting evidence and determine the facts. Id. Finally, this court will reverse the Commission's decision only if it is convinced that fair-minded persons with the same facts before them could not have reached the conclusions arrived at by the Commission. Id. Questions of law are reviewed de novo. Id.
I. Direct Appeal
On direct appeal, appellant raises two points: (1) whether the Commission erred as a matter of law in holding that appellant's choice of a voluntary resignation over a termination with a negative recommendation to future employers disqualified her from receiving TTD benefits during the remainder of her healing period and (2) whether the Commission erred in finding that appellant voluntarily resigned her employment with appellees. We will address the second point first.
At the hearing before the ALJ, appellant testified that she had been written up for leaving early, taking long breaks, and not clocking out. She denied taking long breaks but explained that she had been sitting in the teacher's lounge because her back was hurting. She also stated that she left campus "like everyone else does. We went to the gas station. We wasn't gone for more than ten minutes and we came back with a glass of tea. Everybody does it." Appellant also admitted trying to cover a surveillance camera with tape. She testified on direct examination that she loved her job but was forced to sign the resignation, explaining that she would have continued to work there and did not want to quit. On cross-examination, she acknowledged that she resigned so that she would not get a bad evaluation. A copy of the resignation form, which she signed on December 22, 2015, was introduced into evidence. The ALJ noted that appellant did not provide the reason for leaving on her form, which was optional.
The ALJ stated that if appellant had been terminated for cause, he "believed" she would have been entitled to TTD benefits; however, the ALJ found that she was not terminated for cause and had instead *809 resigned her position with the district. The ALJ wrote:
The claimant believed that she was forced to resign under pressure due to the threat of a "bad evaluation." Thus, in exchange for foregoing a "bad evaluation," the claimant resigned instead of facing firing or termination. That is a choice the claimant made. It might have been a poor and ill-informed choice, but her choice nonetheless.
The Commission found that appellant chose to resign, noting that she could have refused to do so. Moreover, the resignation form she signed contained a section entitled "My reason for leaving is: (optional)," with lines to provide an explanation; she did not provide any explanation. Appellant was the only witness to testify regarding the circumstances of her leaving. This issue turns on credibility, which is a matter for the Commission. The Commission's finding that appellant chose to resign is supported by substantial evidence.
Appellant's remaining argument is that the Commission erred as a matter of law in holding that her choice of a voluntary resignation, in lieu of termination, disqualified her from receiving TTD benefits during the remainder of her healing period.
Temporary total disability is that period within the healing period in which the employee suffers a total incapacity to earn wages. Davenport v. Wal-Mart Stores, Inc. , 2018 Ark. App. 494, at 11, 558 S.W.3d 436, 442. Arkansas Code Annotated section 11-9-526 (Repl. 2012) provides, "If any injured employee refuses employment suitable to his or her capacity offered to or procured for him or her, he or she shall not be entitled to any compensation during the continuance of the refusal, unless in the opinion of the Workers' Compensation Commission, the refusal is justifiable." A termination of employment based on misconduct is not a refusal to return to work under Ark. Code Ann. § 11-9-526, such that an employee is disqualified from benefits. See Superior Indus. v. Thomaston , 72 Ark. App. 7, 32 S.W.3d 52 (2000), and Tyson Poultry, Inc. v. Narvaiz , 2012 Ark. 118, 388 S.W.3d 16.
In the present case, the Commission found that appellant chose to resign when appellees were providing her work within her restrictions, which does not entitle her to TTD benefits under the Workers' Compensation Act. By holding that appellant was not entitled to TTD benefits, the Commission determined as a matter of law that a voluntary resignation is a refusal of employment, which does not entitle her to TTD benefits under the Act. We agree and affirm the Commission's denial of TTD benefits under these facts.
II. Cross-Appeal
Appellees contend that the Commission's decision to award appellant additional medical benefits in the form of a conservative weight-loss program is not supported by substantial evidence and is erroneous as a matter of law.
Under Ark. Code Ann. § 11-9-508(a), "[t]he employer shall promptly provide for an injured employee such medical ... services ... as may be reasonably necessary in connection with the injury received by the employee." The employee must prove by a preponderance of the evidence that medical treatment is reasonable and necessary. Shiloh Nursing & Rehab, LLC v. Lawson , 2014 Ark. App. 433, at 3, 439 S.W.3d 696, 698. What constitutes reasonable and necessary medical treatment is a question of fact for the Commission. Id.
In the present case, appellant sought medical benefits, specifically weight-loss-reduction surgery. Although medical benefits *810 for weight-loss surgery were not awarded, in awarding benefits in the form of a conservative weight-loss treatment the ALJ explained:
I have no doubt that the surgical intervention is reasonable and necessary treatment for the claimant's compensable injury. Clearly, medical opinion and medical evidence are supportive of surgical intervention. However, that surgery cannot occur until the claimant has achieved a loss of weight of about 100 pounds. The claimant has demonstrated a pre-injury ability to lose a significant amount of weight. Her efforts were foiled by her compensable injury and financial issues. I find that conservative weight loss treatment administered by a physician specializing in the field of weight loss to be reasonable and necessary medical treatment for the claimant's compensable low-back injury, as it is impossible for her to receive the reasonable and necessary surgical intervention to her low back without significant weight loss.
Appellees first argue that substantial evidence does not support the conclusion that appellant's weight gain was caused or exacerbated by the compensable injury. They cite Oliver v. Guardsmark, Inc. , 68 Ark. App. 24, 28, 3 S.W.3d 336, 339 (1999), in support of their argument that obesity is not a preexisting condition covered by workers' compensation. Appellees' reliance on Oliver is misplaced. There, the employee sought additional TTD benefits, evaluation by a specialist in regard to gastric-bypass surgery, and a determination as to whether the 1989 back injury aggravated his preexisting propensity for obesity. The employee had gastric-bypass surgery prior to his compensable injury and had lost 125 pounds. After his compensable injury, the employee regained the weight and contended that he needed another gastric-bypass surgery to help him lose the weight to have the back surgery he claimed he needed. The employee argued that the Commission erred as a matter of law in determining that his back injury did not aggravate a preexisting condition, which was a "propensity to obesity." Id. , 3 S.W.3d at 339. In affirming the Commission's denial of benefits, this court noted that there was "no authority for [the employee's] position that a tendency toward obesity can be characterized as a preexisting condition." Id. at 27, 3 S.W.3d at 339. This court went on to state that Ark. Code Ann. § 11-9-102(b) provides that if any compensable injury combines with a preexisting condition to cause or prolong disability or a need for treatment, permanent benefits shall be payable only if the compensable injury is the major cause of the permanent disability or need for treatment. We stated that "it is not at all clear that appellant's compensable injury is the major cause of his present disability." Id. , 3 S.W.3d at 339. In Oliver , the appellant's treating physician attributed his weight gain more to "continued caloric intake at a level not necessary for a sedentary lifestyle." Id. at 28, 3 S.W.3d at 339. The treating physician attributed the employee's inability to work to his obesity and stated that the back problems were complicated by obesity. In affirming the Commission's denial of benefits, we held that these statements of appellant's doctor provided a substantial basis for the denial of relief.
In the present case, the evidence is undisputed that appellant's treating physician, Dr. Nalley, thought the recommended back surgery would improve her condition. However, he would not perform surgery until appellant lost approximately ninety pounds due to the risks caused by her weight. Dr. D. Luke Knox performed an independent medical examination on April 5, 2016. He agreed with Dr. Nalley *811 that appellant's issues were still related to the work injury, that surgery was necessary, and that appellant needed to lose about one hundred pounds in order to safely perform the surgery.
Appellees also argue that "there is no substantial evidence to support the conclusion that appellant can reach the weight requirement of her treating physician in order to qualify as a surgical candidate." Here, the Commission credited appellant's testimony:
In the testimony at the hearing, the claimant acknowledged that she has weighed as much as 420 pounds and that she has struggled with weight issues throughout her adult life. The claimant has tried varied and numerous weight loss programs, unfortunately becoming bulimic. Prior to her compensable injury, the claimant has treated with Dr. Thorn for her weight issues. Under Dr. Thorn's conservative treatment over a period of 18 months the claimant was able to lose around 100 pounds from the first of 2014 until mid 2015.... The claimant testified that her inability to work and pay for treatment with Dr. Thorne after her compensable injury was the cause of her weight change from 298 on the day that she sustained the compensable injury to her current weight as of the date of the hearing of 370 pounds.
In addition to this testimony, the medical record of Dr. Garland Thorn, Jr., from July 29, 2015, indicated that appellant had lost sixty pounds over a period of seven months. The Commission found that surgical intervention was reasonable and necessary for appellant's compensable back injury, that she had previously demonstrated the ability to lose a significant amount of weight, and that her efforts were foiled by her compensable injury and financial issues. Based on these findings, the Commission awarded conservative weight-loss treatment. While appellees question her ability to lose the weight, it was within the province of the Commission to determine appellant's credibility. The Commission's decision to award a conservative weight-loss program is supported by substantial evidence. Skinner , 2016 Ark. App. 304, at 8, 495 S.W.3d at 643.
Affirmed on direct appeal and on cross-appeal.
Hixson and Brown, JJ., agree.

Arkansas law permits the Commission to adopt the ALJ's opinion. Gunter v. Bill's Super Foods, Inc. , 2018 Ark. App. 134, at 4, 544 S.W.3d 571, 573. When the Commission adopts the ALJ's opinion, it makes the ALJ's findings and conclusions its findings and conclusions, and for the purpose of appellate review, we consider both the ALJ's opinion and the Commission's majority opinion. Id.