RITA W. GRUBER, Chief Judge
Appellants, The TJX Companies, Inc., d/b/a T.J. Maxx and American Zurich Insurance Co., appeal a decision of the Arkansas Workers' Compensation Commission (Commission) finding that appellee Azzie Lopez sustained a compensable injury and awarding her medical and temporary total-disability (TTD) benefits. In this one-brief appeal, appellants contend that the Commission's decision is not supported by substantial evidence. We affirm.
*232 Azzie Lopez was sixty-eight years old at the time of the May 4, 2018 hearing before the administrative law judge. She began working for T.J. Maxx in 2009 and was a jewelry associate at the time of the March 24, 2017 incident at issue. Lopez was clocking in after lunch when she heard a page that there was a phone call for jewelry. When she was on the phone with the customer, she did not hear the code being entered on the door, and another employee came in with her children. Lopez testified that the children ran up against the heavy door and it "came back and hit her in the back." She reported the accident to her supervisors, including Sherry Holmes, who had been coming down the hall as the door was opening. Lopez completed an accident report and was directed to go to the emergency room with a claim number to take with her. After finishing her shift, Lopez was seen at St. Bernard's Medical Center. According to the medical record, Lopez reported getting hit in the back by a door at work and having back pain. The record of the physical exam noted "Back: Mild midline tenderness in the L3-L5 area, no ecchymosis noted, no significant edema." Following an examination and x-ray, the physician's impression was "Back contusion"; Lopez was prescribed medication and directed to follow up with her family physician, Dr. Hurst.
Lopez saw Dr. Hurst on March 29, 2017. She testified that Dr. Hurst examined her and had her "stand up and do exercise." She explained that she was weak in her back and leg and that Dr. Hurst took her off work and referred her to physical therapy. In the medical record of the visit, Dr. Hurst noted,
I think it is okay for her to return to work. She is very reluctant to go to work. She states that she would like to try some physical therapy and some more time before she goes back to normal activities. We will put her in physical therapy and we will see her back in a week.
Lopez testified that she notified her employer and was contacted by "workers' comp" with arrangements for physical therapy at HealthSouth. A week after starting therapy, she was told by Valerie Wilkerson, a representative of the appellants, to stop treatment at HealthSouth and that Wilkerson would find a doctor for her. Lopez stated that she continued therapy when she did not hear from Wilkerson. She continued to see Dr. Hurst once a week for seven weeks. Wilkerson later told her to see Dr. Michael Lack along with a nurse case manager for an evaluation, which occurred on May 9, 2017. Lopez testified that Dr. Lack did not examine her but reviewed her records and an x-ray from the hospital. The medical record from the visit indicates that Dr. Lack did conduct a physical examination as it provided that Lopez could "stand on her heels and toes" and that Lopez "had no bruising or discoloration of the back." The medical record from the visit also states there was no "evidence of acute injury from getting hit in the back." According to Lopez, Dr. Lack told her she did not get hurt and could return to work without restrictions.
Lopez called to inform "corporate" that Dr. Lack returned her to work, but "corporate" told her that Dr. Lack had not taken her off work and that she was still under the care of Dr. Hurst. Lopez saw Dr. Hurst on May 11, 2017, and was released to return to work on May 15.
In addition to the testimony and medical evidence regarding the March 24 injury, there was also testimony and evidence introduced regarding Lopez's prior back problems. At the hearing, Lopez acknowledged her prior back issues, which included taking prescription medicine for back pain from arthritis as early as 2010 and up *233 to the 2017 injury, as well as several months of chiropractic treatment following a January 2016 car accident. Lopez said that when she was released to return to work on May 15, she felt like she did before the March 24 injury.
Following the hearing, the administrative law judge found that Lopez had sustained a compensable injury and was entitled to medical and TTD benefits. In an opinion filed October 31, 2018, the Commission, in a split decision, affirmed the decision of the administrative law judge. Appellants filed a timely notice of appeal.
We review the Commission's decision in the light most favorable to its findings and affirm when the decision is supported by substantial evidence. Kiswire Pine Bluff, Inc. v. Segars , 2018 Ark. App. 296, at 3, 549 S.W.3d 410, 412. Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. Id. The issue is not whether the appellate court might have reached a different result from the Commission, but whether reasonable minds could reach the result found by the Commission: if so, we must affirm. Id. The Commission determines credibility, weighs the evidence, and resolves conflicts in medical testimony and evidence. Id.
A compensable injury must be established by medical evidence supported by "objective findings." Ark. Code Ann. § 11-9-102(4)(D) (Repl. 2012). Objective findings cannot come under the voluntary control of the patient. Ark. Code Ann. § 11-9-102(16). There is no requirement that medical testimony be based solely or expressly on objective findings, only that the record contain supporting objective findings. Singleton v. City of Pine Bluff , 97 Ark. App. 59, 60, 244 S.W.3d 709, 711 (2006). To prove a specific-incident injury, the claimant must establish that the injury was one "arising out of and in the course of employment." Ark. Code Ann. § 11-9-102(4)(A)(ii).
Appellants first contend that the Commission erred in finding that the March 24, 2017 diagnosis of "contusion" was sufficient to meet Lopez's burden of proving a compensable back injury supported by objective medical findings. They argue that the Commission's decision ignored the physician's physical examination, which revealed "no ecchymosis"[1] and relied on a generic diagnosis. In Ellis v. J.D. & Billy Hines Trucking, Inc. , 104 Ark. App. 118, 120, 289 S.W.3d 497, 499 (2008), we held that a diagnosis of contusion can be an objective medical finding when there is no conflicting testimony about the nature of the contusion. Appellants contend that there is conflicting evidence with regard to the contusion in the present case, which distinguishes it from Ellis. In Ellis , this court distinguished Rodriguez v. M. McDaniel Co. , 98 Ark. App. 138, 144, 252 S.W.3d 146, 152 (2007), where there was physician testimony that a contusion noted in the emergency-room record most likely "referred to tenderness and not to visible darkening or bruising." In affirming the Commission's decision, this court recognized that this was a matter of credibility for the Commission to resolve. Id.
In the present case, the conflict alleged by appellants is contained within the same emergency-room record. It is not a situation as in Rodriguez , where there was testimony from a doctor stating that the emergency-room diagnosis of contusion was more likely the result of tenderness *234 rather than bruising. Moreover, the Commission gave little weight to Dr. Lack's May 9 opinion that there was no objective evidence of an injury. The Commission determines credibility, weighs the evidence, and resolves conflicts in medical testimony and evidence. Segars, supra. We cannot say that reasonable minds could not have reached the same conclusion as the Commission.
Next, appellants contend that even if the injury was compensable, substantial evidence does not support the Commission's award of TTD benefits. The Commission found that Lopez was within her healing period and was totally incapacitated from earning wages from March 25 through May 11, 2017. Appellants suggest there is nothing in the record to support the finding that Lopez was taken off work, because Dr. Hurst's March 29 medical record indicates that Dr. Hurst thought Lopez was "okay" to return to work.
TTD occurs when a claimant is within his or her healing period and suffers a total incapacity to earn wages. Univ. of Ark. at Pine Bluff v. Hopkins , 2018 Ark. App. 578, at 6-7, 561 S.W.3d 781, 786. The healing period continues until the employee is restored as much as the permanent character of his or her injury will permit; the healing period ends when the underlying condition that caused the disability is stabilized and no additional treatment will improve the condition. Id. The Commission determines as a matter of fact when the healing period has ended. Id. Its decision will be affirmed on appeal if it is supported by substantial evidence. Id. The claimant's "failure to return to work must be causally related to the injury." Id.
Following her March 24 injury, Lopez was directed to follow up with her family physician. In the medical record from her March 29 visit, Dr. Hurst noted that he thought she was "okay" to return to work but was reluctant and wanted to try physical therapy. Dr. Hurst referred her to physical therapy and directed her to return in a week. Lopez testified that Dr. Hurst took her off work and sent her to physical therapy. Six weeks following the injury, appellants had Lopez undergo an evaluation by Dr. Lack on May 9. Dr. Lack's record, while noting Lopez's significant back problems, indicated there was no evidence of acute injury, and returned Lopez to work without restrictions on May 9. When Lopez notified appellants that she had been released by Dr. Lack, she was told she needed to be released by Dr. Hurst because he was her treating physician. Lopez returned to Dr. Hurst on May 11 and was released to return to work on May 15.
While appellants argue that the evidence fails to show that Lopez was taken off work, any conflicts in the evidence were for the Commission to resolve. Segars, supra. Here, Dr. Hurst ordered physical therapy and corporate did not allow Lopez to return to work until released by Dr. Hurst. Lopez's testimony and the medical records support the Commission's finding that Lopez remained in her healing period until May 15. We therefore hold that substantial evidence supports the Commission's decision to award TTD benefits.
Finally, appellants contend that even if the injury is compensable, the Commission's award of additional medical benefits-specifically physical therapy-is not supported by substantial evidence. After examining Lopez on March 29, Dr. Hurst's assessment was thoracic strain, lumbar strain, and work-related injury. As stated previously, Dr. Hurst ultimately ordered physical therapy for his patient. Further, the Commission placed "minimal evidentiary weight" on Dr. Lack's opinion that there was no objective evidence of an *235 injury and found Lopez's testimony "credible and worthy of belief." We cannot say that fair-minded persons with the same facts before them could not have reached the conclusions arrived at by the Commission. Therefore, we affirm the Commission's decision to award additional medical treatment.
Affirmed.
Klappenbach and Murphy, JJ., agree.

"Ecchymosis" is defined as "a discoloration of the skin resulting from bleeding underneath, typically caused by bruising." Oxford Concise English Dictionary 452 (5th ed. 1964).