Cite as 2019 Ark. App. 553

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-19-457

| | | |
|---|---|---|
| | | **Opinion Delivered:** November 20, 2019 |
| SHIRLEY HINES | | |
| | APPELLANT | APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION |
| V. | | |
| | | [NO. G604793] |
| CENTRAL ARKANSAS TRANSIT AUTHORITY AND RISK MANAGEMENT | | |
| | APPELLEES | AFFIRMED |

## MIKE MURPHY, Judge

Appellant Shirley Hines appeals from a decision of the Arkansas Workers' Compensation Commission (Commission) denying her temporary total-disability benefits. We affirm.

Hines has worked for Central Arkansas Transit Authority since 2001. On June 20, 2016, Hines was driving a bus for her employer when another vehicle ran a red light and caused a collision with Hines's bus. The bus's steering wheel did not have an airbag, and the parties agree that Hines sustained injuries to her left wrist, ribs, left leg, neck, and back.

On June 21, Hines was seen at CHI St. Vincent. The notes from that visit provide that

> Ms. Hines comes today because on yesterday she was driving down the street and a car ran a red light and she hit the car in the side (T-bone), she was going approx. 35 mph, the other car was speeding. She was the restrained driver of a city bus (they don't have airbags). The other car's airbags did deploy. They took her via EMS to

the emergency room. She says her job came and got her from the ER and made her leave to take a drug test, so she was actually never seen.

She says today, she is mostly hurting along the left side of her body. She is having some neck pain, B/L shoulder pain, left knee pain, left foot pain, and left wrist pain. She did hit the steering wheel with the left knee. For the neck pain, she says it is aching and radiating down the left arm. She says she is having some tingling in the left fingers (whole hand). No numbness or weakness of the [left upper extremity]. She is able to grip as normal.

She was prescribed prednisone and Flexeril. Hines was then seen at Concentra Health Centers. Over the next week, Hines went to Concentra four times. At the first visit, she was restricted to light-duty work (no bus driving) and prescribed physical therapy. The notes from her subsequent visits were substantially the same as those from the first.

On July 5, Hines again went to Concentra. She saw Dr. Carle. Dr. Carle reported that Hines had some soft-tissue tenderness and neck pain but that she "moves her neck freely during conversation and with distracted observation," had a normal gait with no limping, and had normal reflexes and no spasms on her spine. An additional note provided, "Psychiatric: Mood and Affect angry, dysphoric, flat and irritable." The treatment status was "released from care," and Dr. Carle reported that Hines could return to full work and activity. He further provided that "[t]here are restrictions not related to this injury. This patient has been evaluated for complaints of discomfort due to the case date above. There are not objective findings of an impairment apportioned to the workplace occurrence. . . . Needs Psych eval before [Department of Transportation] recertification." An additional report provided that Hines could return to work on July 5, 2016, with no restrictions.

On July 8, Hines went back to CHI St. Vincent and saw Dr. William Joseph. The notes from that visit provide that her range of motion was normal, and she could touch her

toes and walk normally. She still had some tenderness in her spine, but she could resume regular work activities effective July 11. Those notes further provided that she could continue to take the Flexeril but that she should avoid it when she was driving.

On August 10, Hines was seen again at Concentra for a Department of Transportation medical certification and report. The "driver health history" portion provided that Hines said that she had headaches, dizziness, neck pain, and back pain from her motor vehicle accident. The results of that report disqualified Hines from driving due to dizziness.

At the workers'-compensation hearing, Hines contended that she was entitled to temporary total-disability for the eight weeks she could not work because of the wreck and for additional medical treatment. The employer controverted the claim, and the administrative law judge found that Hines was entitled to temporary total-disability compensation from August 10 through October 12, 2016. The employer appealed to the Commission, and the Commission reversed. Hines now appeals to this court, arguing that the Commission's finding that she is not entitled to temporary total-disability benefits for the period between August 10 and October 12 is in error.

In reviewing decisions from the Commission, we view the evidence and all reasonable inferences in the light most favorable to the Commission's decision and affirm if it is supported by substantial evidence. *Lybyer v. Springdale Sch. Dist.*, 2019 Ark. App. 77, at 3–4, 568 S.W.3d 805, 808. Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. *Id.* The issue is not whether this court might have reached a different result from the Commission. *Id.* Additionally, questions concerning

the credibility of witnesses and the weight to be given to their testimony are within the exclusive province of the Commission. *Id*. When there are contradictions in the evidence, it is within the Commission's province to reconcile conflicting evidence and determine the facts. *Id*. Finally, this court will reverse the Commission's decision only if it is convinced that fair-minded persons with the same facts before them could not have reached the conclusions arrived at by the Commission. *Id*. Questions of law are reviewed de novo. *Id*.

On appeal, Hines argues that the Commission erred "as a matter of law" when it concluded Hines's healing period had ended when she was released to full duty. She further contends that the Commission refused to consider her testimony, and its opinion is based on speculation.

Temporary total disability occurs when a claimant is within her healing period and suffers a total incapacity to earn wages. *TJX Cos., Inc. v. Lopez*, 2019 Ark. App. 233, at 6, 574 S.W.3d 230, 234. The healing period continues until the employee is restored as much as the permanent character of his or her injury will permit; the healing period ends when the underlying condition that caused the disability is stabilized and no additional treatment will improve the condition. *Id*. The Commission determines as a matter of fact when the healing period has ended. *Id*. Its decision will be affirmed on appeal if it is supported by substantial evidence. *Id*.

Here, the Commission found that

[t]he claimant testified that she returned to restricted work for the respondents. Dr. Carle reported on July 5, 2016 that the claimant had undergone four sessions of physical therapy but reported no improvement in her symptoms. Dr. Carle noted on July 5, 2016 that the claimant was able to move her neck freely and walked with a normal gait. Dr. Carle also noted that the claimant exhibited normal reflexes in her thoracic spine and lumbar spine. Dr. Carle released the claimant from his care

4

effective July 5, 2016, and he returned the claimant to full work activity. Dr. Joseph examined the claimant on July 8, 2016. Dr. Joseph prescribed (cyclobenzaprine Flexeril to be taken "over the next couple of days but should avoid it any time she will be driving. She can resume regular duty work effective 7/11/16."

The Commission has the authority to accept or reject a medical opinion and the authority to determine its probative value. *Poulan Weed Eater v. Marshall*, 79 Ark App. 129, 84 S.W.3d 878 (2002). Here, the Commission found that the opinions of Dr. Carle and Dr. Joseph are corroborated by the record and are entitled to significant evidentiary weight. Dr. Carle released the claimant from treatment effective July 5, 2016 and opined that the claimant could return to full work activity. Dr. Joseph opined that the claimant could return to full work duty effective July 11, 2016. The Full Commission therefore finds that the claimant reached the end of her healing period for her compensable unscheduled injuries and was no longer totally incapacitated from earning wages at any time after July 11, 2016.

Hines contends that the Commission refused to consider her testimony and further, that it did not consider the August 10, 2016 report from Concentra, which showed that she was still suffering from the effects of the accident; however, the above portion of the Commission's opinion makes it clear that it weighed the evidence and made a credibility determination. It just did not do so in a way that Hines desired. Our court is powerless to reweigh the evidence or to make credibility determinations. *Davenport v. Wal-Mart Stores, Inc.*, 2018 Ark. App. 494, at 11, 558 S.W.3d 436, 442. Two doctors released the claimant to full-work duty; thus, substantial evidence supports the Commission's finding that Hines was no longer in her healing period as of July 11. We therefore hold that substantial evidence supports the Commission's decision to decline to award temporary total–disability benefits.

Affirmed.

SWITZER and VAUGHT, JJ., agree.

*The Law Office of Steven McNeely dba Attorney at Law*, by: *Steven R. McNeely*, for appellant.

*Barber Law Firm PLLC*, by: *Karen H. McKinney*, for appellees.